## FIRST NAT. BANK OF POTEAU v. MONIOT.

No. 4515.   Opinion Filed July 20, 1915.

(150 Pac. 1040.)

1.   **BILLS AND NOTES—Ownership of Draft—Burden of Proof..**
Where a draft upon its face shows the ownership thereof, and the same is not indorsed to another, one who asserts ownership of such draft different from that shown upon its face has the burden of proving such ownership.

2.   **SAME—Evidence—Presumption.** The evidence in this case carefully examined, and though in conflict, there was evidence which reasonably supports the finding of the jury.

(Syllabus by Collier, C.)

*Error from County Court, LeFlore County;*
*P. C. Bolger, Judge.*

Action by D. J. Moniot against John London, the First National Bank of Poteau, garnishee.   Judgment for plaintiff, and the garnishee brings error.   Affirmed.

This action was brought in a justice of the peace court of LeFlore county by the defendant in error, D. J. Moniot, and on the same day a proceeding in garnishment was issued and served upon the First National Bank of Poteau.   John London did not appear, and judgment was rendered against him by default.   For convenience,

First Nat. Bank of Poteau v. Moniot.

the plaintiff in error will be styled garnishee, and the defendant in error the plaintiff. Said garnishee filed its answer, denying liability, and the plaintiff gave notice that said answer of the garnishee was unsatisfactory, and demanded a trial of the truth of said answer, and upon trial of the cause, judgment was rendered against said garnishee in the sum of $150. From said judgment against the garnishee, an appeal was taken to the county court of said county, and the case tried to a jury upon the following evidence: That the Day & Night Bank, of Ft. Smith, Ark., forwarded to the garnishee for collection a draft, which is in the following words and figures:

"FORT SMITH, ARK., July 22, 1911.

"Aug. 10th pay to order of Day & Night Bank $150.00 one hundred fifty dollars. Value received, and charge to account of John London.

"To H. J. Fowler, Poteau, Okla. 1st Nat. Bank."

Indorsed as follows:

"Day & Night Bank. Pay to order of any bank or banker. Jul. 22, 1911, Prior indorsements guaranteed.

"C. L. PYLE, Cashier, Fort Smith Ark."

Stamped on face of instrument as follows:

"First National Bank, Collection 36. Poteau, I. T. Paid First National Bank, Poteau, Okla."

The draft was accompanied by letter of advice as follows:

"Day & Night Bank, Fort Smith, Ark. Date sent: 7-22-11. Our No. 32. M. ——— 1st. Natl. Bank, Poteau, Okla. Draft. We inclose for collection and return the following item: Payor, John London on Fowler at deliver papers, on payt. dft. Date 7-22; time ———. Due, 8/10. Protest No. Depositor, John London. Amount

$150.00.    Instructions:    Will allow $5.00 disct. if paid
Monday.    Date paid ———.    Date returned ———.
$149.75.    Please report by our number.

"C. L. PYLE, *Cashier.*"

Stamped on face as follows:

"Paid First National Bank, Poteau. Okla."

The drawee of said draft paid the same, and prior to
the proceeds of said draft being remitted to said Day &
Night Bank, the garnishee was served with process of
garnishment; and prior to the garnishment of said draft,
C. L. Pyle, who was cashier of said Day & Night Bank,
telephoned the drawee of the draft as to the payment of
same, but did not inform the drawee that the Day &
Night Bank owned the draft, that the draft had a deed
from London to drawee attached thereto, and that the pay-
ment of said draft was the consideration for said deed;
that said Pyle obtained the draft in evidence from Lon-
don, in payment of a note due him by London, and as
cashier of the Day & Night Bank forwarded the draft to
garnishee for collection; that London had no interest in
the draft after his (Pyle's) receipt for it; that he (Pyle)
delivered the note and collateral "I had to London," and
that when said draft was forwarded, it was the property
of said Day & Night Bank; that upon demand of the said
Pyle, as cashier of said Day & Night Bank, the garnishee
refused to pay the proceeds of said draft to said Day &
Night Bank, upon the ground that it had been garnisheed;
that afterwards, the garnishee paid the proceeds of said
draft to said Day & Night Bank, upon the condition that
if said garnishee was adjudged liable for said money paid
the said Day & Night Bank, it would refund the same to
the garnishee.    There was other evidence in the case,

which, from the view we take of the case, it is unnecessary to recite. The jury returned a verdict against the garnishee for $150 and costs. The garnishee made timely motion for new trial, which was overruled, to which the garnishee duly excepted. From said judgment, this appeal is prosecuted.

*T. T. Varner,* for plaintiff in error.

*Eben L. Taylor,* for defendant in error.

Opinion by COLLIER, C. (after stating the facts as above. The garnishee admits in its argument in its brief "that if there is any evidence whatever to support the verdict returned by the jury, the judgment should not be reversed, as the law is well settled that the Supreme Court will not weigh the evidence." Consequently, the only question necessary for us to consider is whether there is any evidence tending to show that the ownership of the proceeds of the draft was vested in John London. The draft, and letter of advice to the garnishee accompanying same, shows that John London was the owner of the proceeds of the draft, especially in view of the fact that the consideration of the draft was a deed from John London to H. J. Fowler, who paid the draft, which deed was attached to the draft. The testimony of Pyle that the draft was paid him by London for an indebtedness due him (Pyle) by London, which was evidenced by a promissory note, and said note from London to Pyle not being produced in evidence. and the further testimony of Pyle "that when the draft was forwarded to the garnishee for collection, it was the property of the Day & Night Bank," coupled with the fact that the testimony of John London was not offered in evidence, nor its absence accounted for was reasonable to induce the jury to believe that the

ownership of the proceeds of said draft, as shown by the face thereof and the accompanying letter of advice, was not overcome by the evidence of Pyle, or any evidence in the case; and, in reaching their conclusion, the jury may properly have presumed that had John London's evidence been offered, it would have been unfavorable to the contention of Pyle that the ownership of the proceeds of the draft was in the Day & Night Bank.

"When it lies within the power of a party to an action to produce evidence upon an issue, and he fails, the presumption follows that the evidence, if produced, would be unfavorable to the cause of such party." *(Moore v. Adams et al.,* 26 Okla. 48, 108 Pac. 392.)

We are forced to the conclusion that there was evidence tending to support the verdict rendered, and that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.