# NEWCOMER v. SHEPPARD.

No. 5175.   Opinion Filed September 21, 1915.

. (152 Pac. 66.)

1.  **VENDOR AND PURCHASER—Venue—Vendor's Lien—Action to Enforce—Waiver of Objection.**   (a) Where a statutory lien is sought against real property for the purchase price, the action can be maintained only in the county where the land is located.

    (b) But even though such a lien be sought in an action filed in another county, if the defendant answers the petition and the action is treated as a personal action and tried out upon that theory, and a judgment **in personam** only is rendered, it is too late to urge afterwards that the action was one **in rem,** and the court has no jurisdiction.

2.  **VENDOR AND PURCHASER—Option—Election to Buy—What Constitutes.**   Where defendant accepts a deed as security for a debt but agrees to give $800 for the land if it suits him after he inspects the land, if the defendant conveys the land to a third party before inspecting the same, then such act will be deemed an election to buy the land at $800.

3.  **EVIDENCE—Best and Secondary—Writing Collateral to Issue.**   Where plaintiff's ownership of the land was not one of the issues in the case, it was not error to permit him to give oral testimony that he owned the land at the time he deeded it to defendant.

4.  **VENDOR AND PURCHASER—Option—"Election to Purchase" —What Constitutes.**   When a party is offered a tract of land at a certain price and takes a deed to the same land as security for a loan, and agrees to buy the land if they can agree on the price. if the party conveys the land to a third party before they come to an agreement on the price, then the act of conveying the land to a third party will be deemed an "election to purchase" at the price at which the land was offered.

5.  **SALES—Rescission.**   A party is not entitled to pay for property sold to another when. without cause, he retakes possession of the property.

6.  **APPEAL AND ERROR—Judgment—Evidence.**   This court will not disturb a judgment based upon the verdict of a jury, where the evidence reasonably tends to support the same.

(Syllabus by Mathews. C.)

*Error from District Court, McIntosh County;*
*Preslie B. Cole, Judge.*

.Action by E. L. Sheppard against Joseph H. New-
comer. Judgment for plaintiff, and defendant brings
error. Affirmed.

*Claude A. Niles,* for plaintiff in·error.

*J. B. Lucas* and *Britton H. Tabor,*. for defendant in
error.

Opinion by MATHEWS, C. This is an action begun
in the district court of McIntosh county. E. L. Sheppard
sued Joseph H. Newcomer for the sum of $800, which
he alleged was due him as the purchase price, for 80
acres of land which he claims he sold the said Newcomer.
He ends his petition with the following prayer:

"Wherefore, premises considered, plaintiff prays
judgment against the defendant for the sum of $800 as
the purchase price of said land, and that the same be
declared a lien upon the land for said sum, and for the
costs of this action."

The case was tried to a jury, which returned a judg-
ment in favor of the plaintiff for $715. Defendant's motion
for a new trial was overruled, and he has appealed to this
court.

1. It developed in the trial that the land out of
which the controversy arose was located in Okmulgee
county, and the plaintiff in error, who· will be herein
styled the defendant, urges that the district court of Mc-
Intosh county had no jurisdiction of the action, it being a
suit to enforce a lien on land in Okmulgee county, and
that the venue of the action was in that county. The de-
fendant resided in McIntosh county, and was served with
summons in that county. The land being located in Ok-

mulgee county, the district court of that county had sole jurisdiction to decree a lien upon the land. *Whitehead v. Jefferson, ante,* p. 42, 151 Pac. 681. In the body of plaintiff's petition nothing was said about plaintiff claiming a lien upon the land, but the prayer asked that the judgment be declared a lien upon the land. It is true the prayer is not ordinarily a part of the petition (*Anderson v. Muhr,* 36 Okla. 184, 128 Pac. 296), but we think the prayer can be looked to, to determine the nature of the action, especially in an action like the one at bar, where the body of the petition does not fully disclose that fact, and if the defendant had raised the question of jurisdiction before trial by demurrer, as the lack of jurisdiction appeared upon the face of the petition, the plaintiff therein alleging that the land lay in Okmulgee county, the trial court should have sustained the same, but the defendant answered by general denial and filed no demurrer, the case was tried out as an action *in personam,* and a personal judgment only was asked and rendered. The action having been treated by all the parties as a personal action, and tried upon that theory, it is certainly too late for the defendant to urge for the first time in this court that the action was one *in rem.*

2. The defendant next contends that the testimony upon the part of the plaintiff shows that the defendant sold to the plaintiff a span of mules and at the same time loaned him $60 in money, and as security therefor took a mortgage upon the mules and a deed to the land in controversy, but that the deed to the land was a mortgage only, and, that being true, if the defendant has conveyed the land to a third party, then the action would be one of tort for damages. Substantial evidence was introduced upon the part of the plaintiff that the defendant

was to pay him $800 for the land if he liked it after he went out and inspected the land, and if defendant conveyed the land away without inspecting it, then that fact would operate as an affirmance of the trade, and the plaintiff had the right to claim the contract price.

3.    Plaintiff at the trial gave oral testimony that he "owned" the land out of which this controversy arose, and defendant assigns the same as error. In this case no issue was made as to plaintiff's ownership of the land. Neither in the pleadings nor in the trial has defendant attacked his ownership in any way, and where the question of ownership of real estate is not one of the direct issues, it is not error to permit parol testimony as to that fact. If the defendant had made an issue that the plaintiff was not the owner of the land, and therefore had no right to sell it or to recover for the sale of the same, then it would have become incumbent upon the plaintiff to submit record evidence of his title.

4.    Defendant next contends that the plaintiff failed to prove that the minds of the contracting parties met as to the price to be paid for the land. If the fact be true that defendant conveyed the land to a third party, then he is in no position to be heard to say that he never purchased the land, but accepted the deed only conditionally that he was to take the land if it suited him after he inspected it, and could agree on the price. A conveyance by him to a third party operated as an affirmance of the contract and an acceptance of the land at the price it was offered him. It is true he denies these facts, but the same was one of the principal issues in this case, and the jury found the same against him.

5.   It developed in the evidence that the defendant sold the plaintiff a span of mules for $315, and as security therefor took a mortgage on the mules and accepted a deed to the 80 acres of land in controversy upon condition that if the land suited him after inspection, he was to allow plaintiff $800 for the land and, after deducting $315 for the mules and $60 loaned money, was to pay plaintiff the remainder in cash.   Over the objection of defendant the court permitted plaintiff to testify that, in a short while after he obtained possession of the mules, the defendant took them away from him.   If plaintiff's version be true, that defendant accepted a deed to the land which was to be treated as a mortgage unless defendant should elect to accept his proposition to buy the land at $800 after inspection, and then proceeded forthwith to sell and convey the land to a third party, most certainly such a course by defendant should be deemed an election to purchase the land, and if defendant has taken the mules from plaintiff, as he claimed, then he would not be entitled to pay for the mules, nor to an offset therefor against the purchase price of the land.   This phase of the case was introduced therein as a mere incident to the main transaction, and it was not necessary, before the proof relative thereto could be introduced, that the same should have been pleaded by the plaintiff.

6.   Defendant's last assignment is that the judgment is not supported by sufficient evidence.   This court has always followed the accepted rule of law that we will not disturb a judgment based upon the verdict of a jury where the evidence reasonably tends to support the same. *Great Western Coal & Coke Co. v. Serbantas*, 50 Okla. 118, 150 Pac. 1042.   This court will not weigh testimony to see on which side the same preponderates. *First Nat.*

*Bank v. Moniot,* 50 Okla. 85, 150 Pac. 1040. Should we do so, and affirm a case only when we are of the opinion that the evidence preponderates on that side, or reverse it when we think the evidence preponderates against the successful side, then such a ruling would practically operate to render a jury trial useless and would, in fact, practically result in denying litigants the benefit of a jury trial.

As far as this court will go, where the sufficiency of the evidence is attacked, is to determine whether or not there is substantial evidence behind the verdict. If there is, the verdict will not be overthrown. It might be, if the court were passing upon the evidence as an original proposition, its decision would be in favor of that party against whom the jury had decided adversely; but under our procedure the verdict must stand if there is substantial evidence behind it, notwithstanding the court might be of the opinion that a weighing of the evidence by the court would give the decision to the other side; the jury, and not the court, is the sole and exclusive judge of the weight and value to be given the evidence and the credibility of the witnesses. If attorneys would give recognition to this rule, it would result in the saving of much time to this court, lost in considering such cases, and would also operate to the advantage of their clients in saving the expense of many useless and fruitless appeals. We recognize that all successful advocates believe implicitly in their client's cause, and when a jury decides against them they naturally conclude that the jury failed to comprehend or consider the evidence on their side, and that it would be a perversion of justice to permit the verdict to stand. They should consider the fact that their zeal in their client's behalf necessarily warps their judg-

ment, and they are prone to magnify the evidence on their side and depreciate and underestimate the evidence in behalf of the opposition.

In the case at bar, there was given substantial evidence on each side, which was sufficient to uphold a verdict for either party. The jury saw fit to decide for the plaintiff upon the issues submitted to them under the instructions given them by the court, and it appears that the court's instructions were so fair that no complaint as to the same is made by either party.

It would serve no good purpose to review the evidence here, but it is sufficient to say that the plaintiff testified that he conveyed the land to defendant by warranty deed, which was intended to be a mortgage, as security for a span of mules purchased by him from defendant for $315 and for the loan of $60 in money, but the instrument was to become effective as a deed if the defendant should decide to accept the land at $800 after he inspected it, which, after deducting the $315, the price of the mules and the $60 loan, he was to pay over to the plaintiff in money, if he decided to purchase the land. There was evidence further to the effect that soon afterwards the defendant sold and conveyed the land to a third party. The defendant gave testimony which corroborated plaintiff as to the purchase of the mules, the loan of the money, and the execution of the deed, which was to operate as a mortgage, but denied that he agreed to a conditional purchase of the land for $800, and stated that he conveyed the land to a third party at the request of the plaintiff, who had sold the land himself to the third party, and that the third party, to whom he conveyed the land at plaintiff's request, paid him what plaintiff owed him for the mules. The jury saw fit to accept

the evidence of plaintiff as true, and there is nothing in the record which warrants us in the conclusion that the verdict of the jury is not supported by sufficient evidence.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.