PuaesoN, J.
 

 The act of 1827, Eev. Stat. ch. 13, sec. 10, makes an endorser liable to the holder of a note as surety. The effect is to put him on the footing of a maker of the note, and to make his liability to the holder the same as if his name was on the face of the note instead of being on the back. Thus an endorser is brought within the decision, made at this term,
 
 Nichols
 
 v.
 
 Pool,
 
 ante 23. If a note be payable at a particular time and place, a clemaúd at the time and place need not be averred or proven in an action by the holder against the maker: A failure to make it can only be used by way of defense, if the money was. ready at the time and place.
 

 
 *32
 
 Tbe idea that the Statute' does not apply to a note payable at a particular place has nothing to sustain it: The words of the Statute are general; so it is unnecessary to enter into the question of the supposed waiver of demand and notice, because no demand was necessary.
 

 In regard to filling up endorsements in blank at the trial, the practice is too well settled, to be now drawn in question. The trial in the Superior Court is
 
 de novo
 
 — is the same as if the writ had been returned to that Court.
 

 Striking the name of the defendant out of the
 
 writ,
 
 does not in any manner affect the cause of action against another defendant : Nor does it affect the right of the plaintiff to bring another action against the party whose name is stricken out: There is nothing to support the notion that it amounts to a release or to a discharge of the debt in any way.
 

 The fact that the name of the defendant was put on the back of the note before the payee had endorsed it, in no wise affects the rights of the plaintiff as holder: when he put his name on the back of the note, it amounted to a general power of attorney to fill up the blank in such a way as was necessary to make him liable as endorser: and this by our Statute is the same as being surety. That this is the effect of an endorsement in blank, has been considered settled ever since,
 
 Russell
 
 v. Langstaffe, Doug. Rep. 514, (1780.) The defendant endorsed his name on fine copper plate checks made in the form of promissory notes, but in blank, and without sum, date or time of payment being mentioned in the body of the notes. The blanks were filled up and the plaintiff discounted the notes. For the defendant it was objected that the notes, being blank at the time of the endorsement, were not then promissory notes : Loud MaNseieud, “ There is nothing so clear as the first point. The endorsement on a blank note is a letter of credit for an indefinite sum. The defendant said, ‘ trust Galley (the maker) to any amount, and I will be his security It does not lie in his mouth to say the endorsements were not regular.”
 

 Per CukiaM. Judgment affirmed.