THOMAS MOORE · v. J. P. CARR and R. A. BEATTIE.

(Decided December 20, 1898).

*Promissory Note—Endorsers—Statute of Limitations—*
*Payments.*

1. Endorsers liable as sureties on a note and may be sued without demand. *The Code*, Section 50.

2. A payment by either principal or surety is a payment as to all.

3. The Statute of Limitations operates only from the last payment. *Le Duc* v. *Butler*, 112 N. C., 458.

CIVIL ACTION on a promissory · note for $100, dated March 19, 1892, at 12 months after date, made by J. M. Little and endorsed by defendants in blank. Payment of interest, annually, was received down to 20th March, 1898.

The case originated in the Justice's court, April 15, 1898, and was carried by appeal to the Superior Court of MECKLENBURG County, and tried before *Starbuck, J.*, at October Term, 1898, a jury trial being waived. The defendants, endorsers, pleaded the Statute of Limitations. His Honor held that the action was not barred and rendered judgment against them; and they appealed.

*Messrs. Burwell, Walker & Cansler*, for appellants.
*Messrs. Osborne, Maxwell & Keerans*, for plaintiff.

FAIRCLOTH, C. J.: By consent his Honor found the facts: J. M. Little borrowed $100 from the plaintiff and gave his note, and the defendants endorsed their names in blank on the note before it was delivered to the payee, the plaintiff. Annual payments were made by the maker, and the last payment made by him was on April 13, 1898, and this action was brought on April 15, 1898. The Statute of Limitations was pleaded. The defendants claim that, as they were endorsers and as more than three years had elapsed since the maturity of the note, they are discharged notwithstanding the recent payment by the maker of the note. His Honor held that they are liable, and the endorsers appealed.

Bearing in mind that the law should fit the facts in all cases, it would seem that this question ought to be understood by this time.

The Act of 1827 (*Code*, Section 50) declared that endorsers shall be liable as sureties to any holder, and that they may be sued without demand on the principal debtor. Many decisions have been made construing this statute, and they all hold the endorsers liable as sureties, upon facts like those now before us, and that

they are of the class of original promisors.  A payment by either of them or by the principal is a payment by all, because the benefit of the payment enures to each one, and it follows that the Statute of Limitations operates only from the last payment.  In *LeDuc* v. *Butler*, 112 N. C., 458, attention is called to quite a number of decisions, pointing out the rights and liabilities of endorsers, among themselves, to the holder of the note, etc., and with the principal debtor according to the conditions in each case, and several more cases since LeDuc's case have followed the principles above referred to.

*Baker* v. *Robinson*, 63 N. C., 191, is a case in which the facts are on "all fours" with those in the case at bar—citing *Ray* v. *Simpson*, 22 Howard, 341.  In each of these cases the endorsers were held to be original promisors and were as liable as if they had signed as sureties on the face of the note.

*Martin* v. *Good*, 95 U. S., 90, is a case in point.  Two persons signed a note as maker thereof, and Good wrote his name across the back of the note before it was delivered to the payee.  It was held that the endorser is presumed to have endorsed as surety of the maker for his accommodation, and to give him credit with the payee; and that if the presumption is not rebutted by evidence, he is liable on the note as maker, in other words he is surety for the principal debtor.

There are conflicting decisions in the States, but all agree that a construction of the contract should be given which will carry into effect the intention of the parties. The statute declares such endorser's liability is that of a surety, and a blank endorsement before delivery is construed and presumed to be intended as a suretyship. No difficulty can arise if the endorsement is special, and

proper words are used to show the intention of the party to be otherwise than that presumed from a blank endorsement.    1 Parson's Contracts (6th Ed.) 243; Story on Pr. Notes, Section 58.    The same conclusion was adopted in *Johnson* v. *Hooker*, 47 N. C., 29.

These principles must govern between the holder of the note and the maker, sureties and such endorsers. The rights and liabilities of endorsers among themselves, and in their relations to the maker and his sureties, are not affected by these decisions.    These questions are not presented here, and we say nothing about them.

Affirmed.