## ANDERSON, *Guardian,* v. MUHR.

No. 2254.    Opinion Filed November 19, 1912.

(128 Pac. 296.)

1. **PUBLIC LANDS— Disposal by United States — Homestead.** A widow was the mother of two children. She filed on government land under the homestead law. She married a second husband. She died without further children. Final proof was made after her death, and the land patented to her heirs. Held that, under U. S. Rev. St. sec. 2291 (U. S. Comp. St. 1901, p. 1390), the patent inured to the benefit of her heirs, and not merely her children; and that under section 6895 of Wilson's Rev. & Ann. St. of 1903 the husband, and children by her first marriage were the heirs.

2. **SAME—Homestead.** When a married woman, having children by her first marriage and none by her second marriage, dies, owning the homestead upon which the family resides, her second husband cannot exclude her children by the first husband from her homestead, under section 1607 of Wilson's Rev. & Ann. St. 1903.

3.    **SAME.** Section 2292 of the U. S. Rev. St. (U. S. Comp. St. 1901, p. 1394) does not give the children of a former marriage the fee of a homestead entry, as against the second husband of their mother.

4.    **PLEADING—Demurrer—Grounds—Prayer for Relief.** If a petition states facts sufficient to constitute a cause of action, a general demurrer thereto should not be sustained, even though the relief prayed for is not that to which the facts entitle the plaintiff.

(Syllabus by Ames, C.)

*Error from District Court, Woodward County;*
*R. H. Loofbourrow, Judge.*

Action by A. W. Anderson, as guardian of Edna Bird and another, against Samuel Muhr. From a judgment sustaining a demurrer to the petition, plaintiff brings error. Reversed and remanded.

*O. C. Wybrant,* for plaintiff in error.

*A. M. Appleget,* for defendant in error.

Opinion by AMES, C. As disclosed by the petition in this case, the facts are that Edna Bird and Jessie Bird are the minor children of Ida Bird; that in November, 1902, Ida Bird was a widow, and at that time made a homestead entry upon a quarter section of land in Woodward county; that thereafter, in 1903, Ida Bird married Samuel Muhr, the defendant; that thereafter, in October, 1905, Ida Muhr, formerly Bird, while residing upon the land under the homestead law, died, leaving as her sole heirs the two minor children and her husband, the defendant; that thereafter, in 1908, final proof was made by the guardian of the minor children, and patent was issued by the government of the United States "to the heirs of Ida Muhr, deceased;" that the defendant, the second husband of the deceased mother of the plaintiffs, has taken exclusive possession of this homestead, and has withheld the same, and every part thereof, from the children of his wife. The petition contains three alleged causes of action, and the prayer is that the patent be reformed so as to read, "to the minor heirs of Ida Muhr, deceased," instead of "to the heirs of Ida Muhr, deceased." The demurrer was sustained as to all three alleged causes of action.

The first question presented is whether or not, under the homestead law, under the facts as alleged, the land belongs to the second husband, or to the minor children of the first husband, or to all. Section 2291 of the Rev. St. (6 Fed. St. Ann. p. 292 [U. S. Comp. St. 1901, p. 1390] is as follows:

"No certificate, however, shall be given, or patent issued therefor, until the expiration of five years from the date of such entry; and if at the expiration of such time, or at any time within two years thereafter, the person making such entry; or if he be dead, his widow; or in case of her death, his heirs or devisee; or in case of a widow making such entry, her heirs or devisee in case of her death, proves by two credible witnesses that he, she, or they have resided upon or cultivated the same for the term of five years immediately succeeding the time of filing the affidavit, and makes affidavit that no part of such land has been alienated, except as provided in section twenty-two hundred and eighty-eight, and that he, she, or they will bear true allegiance to the government of the United States; then, in such case, he, she, or they, if at that time citizens of the United States, shall be entitled to a patent, as in other cases provided by law."

It will be observed that where the entryman is a widow that her heirs or devisee, in case of her death, may make the final proof and secure the patent. At the time of her death, the succession was settled by section 6895 of Wilson's Rev. & Ann. St. 1903, which provides as follows:

"When any person having title to any estate not otherwise limited by marriage contract dies without disposing of the estate by will, it is succeeded to and must be distributed, unless otherwise expressly provided in this code and the chapter or probate court, subject to the payment of his debts, in the following manner: First. If the decedent leave a surviving husband or wife, and only one child, or the lawful issue of one child, in equal shares to the surviving husband, or wife and child, or issue of such child. If the decedent leave a surviving husband or wife, and more than one child living, or one child living, and the lawful issue of one or more deceased children, one-third to the surviving husband or wife, and the remainder in equal shares to his children, and to the lawful issue of any deceased child, by right of representation  *  *  *"

It thus appears that the defendant and the two minor children are the heirs, and that each one takes one-third of the land under that act, and that therefore they are tenants in common.

It is therefore plain that the defendant would not have the right to exclude these children from any participation in the land, unless, as he claims, it is by virtue of section 1607 of Wilson's Rev. & Ann. St. 1903, which reads as follows:

"Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead until it is otherwise disposed of according to law; and upon the death of both husband and wife the children may continue to possess and occupy the whole homestead until the youngest child becomes of age.  *   *   *"

In *Holmes v. Holmes,* 27 Okla. 140, 111 Pac. 220, 30 L. R. A. (N. S.) 920, it was held:

"When a husband dies seised in fee of land occupied and used by himself and family as a homestead, his surviving wife, although without children, is entitled, by reason of section 1607, Wilson's Rev. & Ann. St. 1903, as against his heirs, to occupy and possess the whole of such homestead as long as she preserves its homestead character by maintaining a home thereon."

And the defendant argues that under this holding he is entitled, as against his wife's children, to occupy the whole of this homestead. In that case, however, the question arose as between the surviving wife and collateral heirs of the husband, there being no children, and, as applied to the facts in that case, the rule is, of course, correct; but the question is whether that rule applies in this case, where the deceased wife left children of her own by a former husband. It will be observed that section 1607 is drafted upon the assumption that the family are occupying the homestead, giving to the surviving husband or wife the right to "continue to possess and occupy the whole homestead until it is otherwise disposed of according to law; and upon the death of both husband and wife the children may continue to possess and occupy the whole homestead until the youngest child becomes of age." It must be borne in mind that the right in both cases is to continue to possess and occupy, and is upon the assumption that it is the homestead of the family, and not merely of the father or mother, as the case may be. In this connection, section 2986 of Wilson's Rev. & Ann. St. 1903, is significant,

which provides, "The homestead of a family not in a town or city shall consist of not more than one hundred and sixty acres of land, * * *" the significance being attached to the expression "homestead of a family;" and it seems to us that the reasonable construction of this statute is that the second husband should not have a right to exclude his wife's children, by a former marriage, from the homestead which she owned at the time of his marriage with her, but that, the homestead being the homestead of a family, the family has the right to occupy it; and this results from the very assumption of the statute that the children may continue to occupy after the death of both husband and wife. This construction is further strengthened by chapter 59 of Wilson's Rev. & Ann. St. 1903, on the subject of parent and child, under which the parent is entitled to the custody of the child, and is required to give him support and education suitable to his circumstances. We therefore hold that the defendant did not have the right to exclude his wife's children from her homestead.

But the plaintiffs in this case claim that they are entitled to the exclusive possession of the premises, as against the defendant, under section 2292 of the Rev. St. (6 Fed. St. Ann. p. 303 [U. S. Comp. St. 1901, p. 1394]), which reads as follows:

"In case of the death of both father and mother, leaving an infant child or children under twenty-one years of age, the right and fee shall inure to the benefit of such infant child or children; and the executor, administrator, or guardian may, at any time within two years after the death of the surviving parent, and in accordance with the laws of the state in which such children, for the time being, have their domicile, sell the land for the benefit of such infants, but for no other purpose, and the purchaser shall acquire the absolute title by the purchase, and be entitled to a patent from the United States on the payment of the office fees and sum of money above specified."

But it has been expressly held, in *Bernier v. Bernier,* 147 U. S. 242, 13 Sup. Ct. 244, 37 L. Ed. 152, that "U. S. Rev. St., sec. 2292, does not repeal section 2291, but is only intended to give the fee of the land to the minor children exclusively, when there are no other heirs."

One other question remains for consideration, and that is the effect of the prayer. The relief prayed for is a reformation of the patent, which is not the proper relief, in view of the fact that the husband is one of the heirs, and is entitled to his rights as such; but it is well settled under our Code that the prayer of the petition forms no part of it, and that relief may be granted in accordance with the facts stated in the petition, rather than pursuant to its prayer. *Colbert v. City of Ardmore,* 31 Okla. 537, 122 Pac. 508; *Smith v. Smith,* 67 Kan. 841, 73 Pac. 56; *Walker v. Fleming,* 37 Kan. 171, 14 Pac. 470; *Smith v. Kimball,* 36 Kan. 474, 13 Pac. 801. This being true, the petition stated facts sufficient to entitle the plaintiffs to some relief; and, while they are not entitled to the relief prayed, the general demurrer to the petition should not have been sustained.

The case should, therefore, be reversed and remanded for further proceedings.

By the Court: It is so ordered.