## C. E. SHARP LUMBER CO. v. KANSAS ICE CO. *et al.*

No. 3765. Opinion Filed August 18, 1914.

(142 Pac. 1016.)

1. **PLEADING—Judgment on Pleadings—Nature of Motion.** "A motion for judgment on the pleadings is in the nature of a demurrer, which it closely resembles, and admits for its purpose the truth of all the facts well pleaded by the opposite party." 11 Enc. of Pl. & Pr. 1046.

2. **SAME—Demurrer—Effect.** A demurrer to a pleading admits every material fact properly stated in the pleading.

3. **SAME—General Demurrer—Ruling.** Where a pleading states any facts upon which the pleader is entitled to any relief under the law, a general demurrer should not be sustained.

4. **SAME—Judgment on Pleadings—Foreclosure of Mechanic's Lien— Sufficiency of Petition.** In an action by a materialman to enforce a lien for material furnished, if the petition shows a cause of action against defendant for wrongful conversion of such material to defendant's use, it is error to render judgment on the pleadings against plaintiff, although the petition may not show plaintiff entitled to enforcement of a lien, and although the prayer may be only for the enforcement of a lien.

5. **TROVER AND CONVERSION**—Building Material—Implied Contract to Pay. Where an owner or lessee has contracted with a builder to furnish material and construct a building, and afterwards becomes dissatisfied with the builder and cancels the contract with him, and where, on the date of the cancellation of such contract, a quantity of lumber and material which has been furnished to the builder by the materialman is piled out upon the premises, but has not been used, and such lumber and material is not taken into account by such owner and builder in the settlement of their differences, and where such owner converts such material to his own use, and uses the same in the construction of his building, he takes same under an implied contract to pay for it.

6. **MECHANICS' LIENS**—Foreclosure—Petition. A petition which shows that defendant is lessee of certain premises and fully describes the premises, and that such lessee contracted with a firm of builders to furnish the material and construct a building for lessee, and that plaintiff had knowledge of such contract between the lessee and the builder and entered into a contract with such builder to furnish the lumber and material for the building in question, and that pursuant to which contract he furnished the lumber and material for the construction of such building, and that, on or about the date on which the last item of material was furnished, the owner and the builder had a misunderstanding resulting in the settlement of their differences and cancellation of their contract, and that plaintiff had no knowledge thereof, and that the lumber and material furnished by plaintiff was at the time piled out upon the premises, and that no part of same had at that time been used in the building, and that no part of same was taken into account in the settlement of differences between the lessee and the builder, and that thereafter the lessee completed his building and used the lumber and material that plaintiff had furnished in the construction of same, and alleges the value of such lumber and that no part of same had been paid for, and shows that the lessee had had notice in writing from plaintiff that plaintiff had filed a mechanic's lien against such building for material furnished to the builder, who had been discharged, states a cause of action against such lessee, which entitles the plaintiff to enforce his lien against such lessee as an original contractor with the owner.

(Syllabus by Harrison, C.)

*Error from District Court, Woods County;*
*R. H. Loofbourrow, Judge.*

Action by the American Tie & Lumber Company, Limited, a corporation, against Kansas Ice Company, a corporation, the Blanchard Construction Company, a corporation, the Capitol Iron Works Company, a corporation, the Atchison, Topeka & Santa Fe Railway Company, a corporation, and the C. E. Sharp Lumber Company, a corporation. Judgment on the pleadings against

the C. E. Sharp Lumber Company as to its answer and cross-petition against the Kansas Ice Company, and from such judgment C. E. Sharp Lumber Company brings error. Reversed and remanded.

*A. M. Appelget,* for plaintiff in error.

*H. A. Noah, Ezra Branine,* and *Harry W. Hart,* for defendants in error.

Opinion by HARRISON, C. This action was instituted by the American Tie & Lumber Company against the Kansas Ice Company and others above named, to determine the priority of certain liens against the ice company's plant. The C. E. Sharp Lumber Company filed its answer of general denial to the original petition and its cross-petition against the Kansas Ice Company, seeking to enforce and foreclose a materialman's lien against such company for lumber and material to the amount of $374.95, furnished to the ice company for the construction of a building for an ice plant at Wewoka, Okla. The issues between the American Tie & Lumber Company and the other defendants are not here for review. The only question brought here is the issue between the C. E. Sharp Lumber Company, plaintiff in error here, and the Kansas Ice Company, defendant, defendant in error here, as to whether the C. E. Sharp Lumber Company in its cross-petition stated a cause of action against the Kansas Ice Company. When the issues between the Kansas Ice Company and the C. E. Sharp Lumber Company came on for hearing on the second amended answer and cross-petition of the C. E. Sharp Lumber Company, the Kansas Ice Company moved for judgment on the pleadings on the grounds that the petition of the lumber company did not state facts sufficient to constitute a cause of action against the ice company. Such motion was sustained, and, from the order sustaining such motion, the lumber company appeals.

The one decisive question presented is whether or not the cross-petition of the lumber company stated a cause of action against the ice company. Under the rules of pleading and the

statement of facts contained in the cross-petition of the lumber company, we believe a cause of action was stated, and that the court erred in rendering judgment on the pleadings.

"A motion for judgment on the pleadings is in the nature of a demurrer, which it closely resembles, and admits for its purposes the truth of all the facts well pleaded by the opposite party." (11 Enc. of Pl. & Pr. 1046, and authorities cited.)

A demurrer to a pleading admits every material fact properly stated in the pleading. *Adams v. Couch,* 1 Okla. 17, 26 Pac. 1009; *Purcell v. Corder,* 33 Okla. 69, 124 Pac. 457.

And, where a pleading states any facts upon which the pleader is entitled to any relief under the law, a general demurrer should not be sustained. *Cockrell v. Schmitt,* 20 Okla. 207, 94 Pac. 521, 129 Am. St. Rep. 737; *Owens v. Tulsa,* 27 Okla. 264, 111 Pac. 320; *Emmerson v. Botkin,* 26 Okla. 218, 109 Pac. 531, 29 L. R. A. (N. S.) 786, 138 Am. St. Rep. 953; *Hurst v. Sawyer,* 2 Okla. 470. 37 Pac. 817; *Anderson v. Muhr,* 36 Okla. 184, 128 Pac. 296.

Now the answer and cross-petition herein show very clearly that the Kansas Ice Company, as lessee, for the purpose of erecting an ice plant on a space of ground, describing same, owned by the Atchison, Topeka & Santa Fe Railway Company, entered into a contract with the Blanchard Construction Company for the construction of an ice plant, and that the C. E. Sharp Lumber Company entered into a contract with the Blanchard Construction Company to furnish lumber and material for the construction of such building; that, pursuant to such contract with the Blanchard Construction Company, the C. E. Sharp Lumber Company furnished lumber to the amount of $374.95, which lumber had been hauled by the Blanchard Construction Company and piled out upon ground upon which the plant was to be constructed; that, about the day upon which the last item of lumber was furnished to the construction company, the ice company and the construction company had some misunderstanding, made a settlement of their differences, canceled the contract between them, and the construction company abandoned its contract to put up the building. However, in the settlement between them,

the material which had been furnished by the lumber company, and which at the time was piled out upon the ground upon which the plant was to be constructed, was not taken into consideration (that is, the lumber which lay there on the ground was not considered or taken into account in the settlement of differences between the ice company and the construction company); that thereafter the ice company proceeded to erect and construct the ice plant, and in so doing used the lumber and material which had been furnished by the lumber company, without making any contract with either the lumber company or with the construction company for the use of such material; that the lumber company had no knowledge of the differences between the construction company and the ice company or the settlement of their differences, and no knowledge that the construction company had abandoned its contract and that the ice company had, without authority from any one, converted such material and lumber to its own use in the construction of its ice plant; that having no knowledge of these facts, in due time the lumber company filed a lien against the construction company for the material thus furnished, and gave written notice of same to the ice company, copy of which and the lien statement was attached and made part of the cross-petition, and that it had never been paid for such lumber and material, nor for any part thereof, and that the value thereof was $374.95, and that, when the suit to determine the priority of certain liens was filed by the American Tie & Lumber Company, the C. E. Sharp Lumber Company filed this, its answer and cross-petition, against the Kansas Ice Company, and prayed the court to reform its claim of lien, and that it be permitted to amend such claim of lien in accordance with the facts and be allowed to foreclose same against the Kansas Ice Company, and that such claim might be declared to be a lien upon the premises for the payment of the amount due, and that such premises be sold to satisfy such claim as provided by law. It does not appear from the mechanic's lien statement, copy of which is made part of the cross-petition and answer, when such lien was filed, but the date upon which it was filed is alleged in such cross-petition, showing that it was

filed in due time, and such allegation is taken to be true upon motion for judgment on the pleadings. This cross-petition certainly states facts sufficient to entitle the lumber company to some relief from the court against the ice company. It very clearly shows that the ice company knowingly converted this lumber and material to its own use, and then refused payment therefor on the purely technical ground that the lien had, through mistake and ignorance of the fact that the contract between the ice company and the construction company had been canceled, been filed against the construction company. But, if it be true that the lien could not be enforced against the ice company for the above reasons, yet a cause of action is stated against the ice company for the wrongful conversion of this lumber and material to its own use, and, this being taken as true under the motion, it was error to render judgment on the pleadings. And this is true, notwithstanding the fact that the prayer of the cross-petitioner was only for reformation of the lien and for the enforcement and foreclosure thereof against the ice company. A court, in granting the relief to which a pleader may be entitled, is not governed alone by the prayer, but should grant any relief which the statement of facts in the pleading may show the pleader entitled to receive. *Oklahoma Gas & Electric Co. v. Lukert,* 16 Okla. 397, 84 Pac. 1076; *Bockfinger v. Foster,* 10 Okla. 488, 62 Pac. 799; *Ardmore Bank v. Briggs,* 20 Okla. 427, 94 Pac. 533, 23 L. R. A. (N. S.) 1074, 129 Am. St. Rep. 747, 16 Ann. Cas. 133. Hence the cold technicalities of the law cannot be so congealed, even by an ice company, as to thwart the ends of substantial justice and allow it to escape liability for lumber and material knowingly appropriated to its own use in the construction of its buildings.

But as to the other question, the question whether or not the lien could be enforced against the ice company by the lumber company as a contractor with the ice company, it is contended by plaintiff in error that the material in question, not having been taken into account by the ice company and the construction company in the settlement of their differences, and inasmuch as the ice company as owner (and under the statutes and the decisions,

although a mere lessee, it is to be treated as the owner in such case) had written notice of the claim for lumber and material against the construction company and of the lien filed against the building, and took such lumber and material and appropriated it to its own use in the construction of its building under an implied contract to pay for same, and that therefore the lumber company should be permitted to enforce its lien against the building as a contractor with the owner. This contention appears to us to be well taken. The facts in the case of *Ryndak v. Seawell,* 13 Okla. 737, 76 Pac. 170, are very similar in all respects to the facts in the case at bar, and the propositions of law involved there are identical with those involved here. The facts in that case were that one William Matkin, a contractor and builder, entered into a contract with Ryndak, the owner, to construct for him a frame building. Seawell, a lumber dealer, having knowledge of the contract between Matkin and Ryndak, as was true in the case at bar, contracted with Matkin to furnish the lumber and material for the building. A large portion of the material had been furnished, when Ryndak became dissatisfied with the contractor, Matkin, and their contract was canceled. However, Ryndak and Matkin, in the settlement of their differences, entered into a written agreement as to their liabilities for outstanding indebtedness against the building, but Seawell, the lumber dealer, had no knowledge of this written agreement. After the termination of the contract between Ryndak and Matkin, Ryndak completed the building, and in so doing purchased some additional lumber and material from Seawell, and upon completion of the building he refused to pay for anything except such additional material as he had purchased after the termination of the contract between him and Matkin, and, upon such refusal to pay, Seawell brought an action to enforce a mechanic's lien against the building for the amount of material furnished for the building under Seawell's contract with Matkin, before Matkin's contract was canceled. The law of the case is stated in the syllabus as follows:

"Where M. enters into a contract with R., to furnish all material and construct a building for R., and S., as subcontractor, enters into a contract with M., to furnish the material for such

building, and afterward, because of a misunderstanding, M. and R. agree to cancel their contract, in which agreement of cancellation R. agrees to release M. from all obligations arising out of the original contract, and R. agrees to pay all claims for material and labor then outstanding, and R. afterwards proceeds with the construction of said building to its completion, S. furnishing the remainder of the material necessary therefor, and all of the material furnished is actually used in the construction of the building, S. is entitled to a mechanic's lien for the material furnished under section 620, Civil Code (Wilson's Rev. & Ann. St. 1903 [Rev. Laws 1910, sec. 738]), as a principal contractor with the owner; and he is not required to serve the notice of filing of such lien provided for by section 621 [Rev. Laws 1910, sec. 739]."

Under the construction of the statutes and determination of the rights of the parties thereunder, the C. E. Sharp Lumber Company, if its lien had been filed within the statutory time and the cross-action filed within the time prescribed by statute, which are questions to be determined at the trial, was entitled to enforcement of its lien as contractor with the owner for the materials furnished.

The judgment is reversed, and the cause remanded.

By the Court: It is so ordered.