### BISHOP-BABCOCK-BECKER CO. v. ESTES DRUG CO. et al.

No. 6920—Opinion Filed Feb. 6, 1917.

(163 Pac. 276.)

(Syllabus by the Court.)

**1. Pleading—Sufficiency on Demurrer.**

Where a pleading states any facts upon which the pleader is entitled to any relief under the law, a general demurrer should not be sustained thereto.

**2. Appeal and Error—Objections—Evidence.**

Simply objecting to the admissibility of evidence, without assigning the statutory grounds named in section 5070, Rev. Laws 1910, or any other ground of objection, is not such an objection as will cause this court to review the action of the trial court in overruling the purported objections.

**3. Sales—Warranty of Fitness—Breach—Damages.**

By sections 2865 and 2866, Rev. Laws 1910, the detriment caused by the breach of a warranty of the fitness of an article of personal property for a particular purpose is deemed to be the excess, if any, of the value which the property would have had, at the time to which the warranty referred, if it had been complied with over its actual value at that time together with a fair compensation for the loss incurred by an effort in good faith to use it for such purpose.

**4. Same—Profits—Question for Jury.**

A person damaged by the breach of the warranty of the fitness of an article of personal property for a particular purpose may recover anticipated profits, where the business of which plaintiff was deprived was contemplated, or can reasonably be presumed to have been contemplated, by the parties when the contract was made, and it is reasonably certain that gain or profit would have been derived therefrom, although the amount of such gain, to some extent, may be somewhat speculative and uncertain. It being apparent that some loss was suffered, it is then entirely proper to let the jury determine what the loss probably was from the best evidence the nature of the case affords.

Error from County Court, Bryan County; J. L. Rappolee, Judge.

Action by the Bishop-Babcock-Becker Company against the Estes Drug Company and another. Judgment for defendants, and plaintiff brings error. Affirmed.

Hatchett & Ferguson, for plaintiff in error.

McPherren & Cochran, for defendants in error.

KANE, J. This was an action upon certain promissory notes and to foreclose a chattel mortgage executed to secure their payment. The petition is in the usual form, and admittedly states a cause of action. The answer, in effect, alleged that the notes were executed in payment of certain articles of personal property, to wit, a carbonator for a soda-water fountain and the accessories belonging thereto, which were sold to the defendant by the plaintiff for a particular purpose, to wit, the maintenance of a cold-drink department in connection with his drug business; that from the beginning the carbonator attached to said fountain leaked; that the defendant had various agents of the plaintiff company try to repair the same, and each time they found leaks and other defects in the attachments which were either incapable of being fixed or the agents were not able to do so; that in this way the defendant was damaged in the loss of gas; that on account of the loss of gas the defendant could not sufficiently carbonate the water, and the drinks were inferior; and in this way the defendant's trade fell off and diminished, etc.; that after various fruitless efforts to remedy these defects, the carbonator was returned to the plaintiff for repairs, and plaintiff retained the same; that the reasonable value of said carbonator was the sum of $145.25. Therefore they prayed that the plaintiff take nothing by his suit, but that judgment be rendered in favor of said defendant, etc. Thereafter the plaintiff filed a demurrer to the answer of the defendant upon the ground that "each and every item claimed as damages was in the nature of speculative damages, and cannot be proven in this case, and said damages were not a defense to the action of the plaintiff herein," which demurrer was overruled; whereupon the plaintiff filed a reply, in effect a general denial. Upon the issues thus joined, the cause was tried to a jury, which returned a verdict in favor of the defendant in the sum of $275. Thereafter, upon presentation of the motion for new trial, the defendant remitted $98.98, whereupon the motion for new trial was overruled and judgment was entered against the plaintiff and in favor of the defendant in the sum of $176.10, to reverse which this proceeding in error was commenced.

Counsel for plaintiff in error state in their brief that all their assignments of error raise but one question, to wit:

"That the damages as alleged in defendant's answer are not such as can be recovered in a suit at law, and therefore cannot be set off against the notes due plaintiff."

On the other hand, counsel for defendant in error contend that none of the objections made or exceptions saved in the trial court, or assignments of error in this court, sufficiently preserve or present the question stated by counsel for review by the Supreme Court. It, therefore, becomes necessary to set out the assignments of error, which are as follows: The plaintiff contends that the court erred: (1) In overruling the demurrer of plaintiff to defendant's answer; (2) in permitting the defendant T. J. Estes to testify over the objections of plaintiff as to the damages set out in the answer; (3) in refusing to give instructions Nos. 1 and 2 requested by the plaintiff; (4) in giving instructions 2 and 3 of the court's instructions; (5) in overruling the motion for a new trial filed by plaintiff, and to notice some of the objections made and exceptions saved to rulings of the trial court. Counsel for plaintiff in error say in their brief:

"The fourth and last item of damage is to the effect that the carbonator was returned to plaintiff for repairs, and plaintiff retained the same, and that said carbonator is of the value of $145.25. We do not raise any question as to the last item as alleged. Of course, if the carbonator was returned and kept by the plaintiff and was of the value alleged, the defendant would be entitled to that credit."

The rule is that where a pleading states any facts upon which the pleader is entitled to any relief under the law, a general demurrer should not be sustained thereto. Sharp Lumber Co. v. Kansas Ice Co., 42 Okla. 689, 142 Pac. 1016; Cockrell v. Schmitt, 20 Okla. 207, 94 Pac. 521, 129 Am. St. Rep. 737; Owen v. Tulsa, 27 Okla. 264, 111 Pac. 320; Emmerson v. Botkin, 26 Okla. 218, 109 Pac. 531, 29 L. R. A. (N. S.) 786, 138 Am. St. Rep. 953; Hurst v. Sawyer, 2 Okla. 470, 37 Pac. 817; Anderson v. Muhr, 36 Okla. 184, 128 Pac. 296. Counsel for plaintiff in error meets this situation by the contention that their demurrer is not general, but a special demurrer. It is true that the demurrer is special in the sense that it specifies a special ground of demurrer, but it is a general demurrer, in that it is not directed to any portion of the answer or any specific paragraph or item of the counterclaim, but is directed against the entire pleading; the prayer being that the entire answer be dismissed.

In Jones v. Iverson et al., 131 Cal. 101, 63 Pac. 135, it was held that where a special demurrer is to the whole complaint, the rule should be the same as in the case of a general demurrer to the whole complaint. If in a portion of the complaint there is stated a

good cause of action, free from ambiguity or uncertainty, or which, in short, is not amenable to any of the grounds urged in the special demurrer, it is error to sustain the demurrer as to the entire complaint. Of course, in these circumstances, error cannot be predicated upon the action of the trial court in overruling the demurrer to the answer herein, for it admittedly states facts upon which the pleader is entitled to some recovery.

The second assignment of error is predicated upon the action of the court in permitting the defendant as a witness to answer certain questions over objection. An examination of the record shows that the objections made to the testimony were in the main in the following form: "Objected to; overruled; exceptions." In the case of Fender et al. v. Segro et al., 41 Okla. 318, 137 Pac. 103, it was said:

"It would be doing violence to the language of the act, and would be a grave injustice to trial courts and opposing counsel, to permit an attorney to simply object, and afterwards on appeal elaborate upon the grounds of his objection. If there be reason for an objection, it should be stated at the time the objection is made; at least the very liberal requirement of the statute must be observed, before error in the admission of testimony can be urged on appeal. The exact question does not appear to have been before this court under the present statute, though attention was called to the statute in Midland Valley R. Co. v. Ezell, 36 Okla. 517, 129 Pac. 734, but it was before the Criminal Court of Appeals in Price v. State, 1 Okla. Cr. 358, 98 Pac. 447, where it was said by Justice Furman, in a case where a like objection was made: 'Whatever this court may think upon this subject, we are bound by the statute above quoted. It will be seen that the counsel for defendant simply said, "Objected to." This does not comply with the statute, and therefore does not amount to any objection. The better and the safer practice is to point out the specific objection relied upon. But the objection must at least go as far as the statute provides; otherwise it cannot be considered by this court.'"

The statute referred to is section 5070, Rev. Laws 1910, and provides that an ordinary exception to the incompetency, irrelevancy, or immateriality shall be deemed to cover all matters ordinarily embraced within such objections to the evidence. Clearly the form of the objection does not comply with this statute.

It is true that counsel interposed a proper objection to one question propounded to the defendant, the answer to which would probably relate to anticipated profits, but the question was not answered, and in lieu thereof the witness was asked the following question:

"Mr. Estes, do you know what the average monthly profit during the time from April 7 to July 29 in your soda fountain business is and was at that time?"

—which was probably properly objected to, but not ruled upon by the court, the witness answering immediately after the objection· "Yes, sir; I know." This question seems to be merely preliminary; and, as the answer to it, standing alone, is entirely harmless, and there was no motion to strike it out, or withdraw it from the consideration of the jury, nor further objection made to the line of examination which naturally followed it, we cannot say that this action, or rather non-action, of the court constitutes reversible error.

In presenting his third assignment of error, counsel for plaintiff in error sets out in his brief but one instruction, and we, therefore, must presume that it is the only refused instruction which in their opinion presents their single question for review. This instruction reads as follows:

"Gentlemen of the jury, you are further instructed that the defendant cannot set up as a counter-claim or set-off where the profits are merely speculative or anticipated profits. You are further instructed that the profits of the defendant claimed in this action are anticipated profits, and are merely speculative or remote, and are not capable of being correctly ascertained under the recognized rules of evidence."

This is not a correct statement of the rule. On this point the trial court instructed the jury:

"And in the damages for anticipated profits should be included only such profits as are capable of being determined with reasonable certainty."

We think the instruction by the court is a substantially correct statement of the law governing damages for anticipated profits. Section 2866, Rev. Laws 1910, provides:

"The detriment caused by the breach of a warranty of the fitness of an article of personal property for a particular purpose is deemed to be that which is defined in the last section (the excess, if any, of the value which the property would have had, at the time to which the warranty referred, if it had been complied with, over its actual value at that time), together with a fair compensation for the loss incurred by an effort in good faith to use it for such purpose."

Obviously the purpose of the statute is to award fair compensation for the loss incurred by a person by his effort in good faith to use the article of personal property for the particular purpose for which it was sold. In such circumstances, the party damaged is not precluded from recovering anticipated

profits merely because they are such, since the loss of anticipated profits is a damage that should be compensated for just as much as is the destruction of property. Uncertainty as to the amount of damages does not prevent recovery, but uncertainty as to whether any benefit or gain would have been derived at all does bar a claim for damages. If it is reasonably certain that a gain or benefit has been prevented, then plaintiff is entitled to damages for the amount of that gain or benefit. This is substantially what the court instructed the jury. In Muskogee Electric Traction Co. v. Eaton, 49 Okla. 344, 152 Pac. 1109, the court, in discussing a somewhat similar question, said:

"That the plaintiff suffered some detriment by being completely incapacitated for carrying on his usual business for a considerable period of time cannot be gainsaid, and, in some degree, of course, the extent of his loss must be somewhat speculative and uncertain. But to our mind that is not a sufficient reason for allowing him no recovery at all. The term, 'purely speculative damages,' does not embrace earnings which one may reasonably expect to make by following a wholly legitimate business merely because they are not susceptible of accurate proof. In such cases the law only requires the character of proof of which the particular issue in the case, in the inherent nature of things, is susceptible. Dean v. Railroad, 199 Mo. 397, 97 S. W. 910. As was held in another case: The rule against the recovery of uncertain damages relates to uncertainty as to the cause rather than to uncertainty as to the measure or extent. The jury is vested with the function of making certain that which, in its very nature, is uncertain by reducing to a pecuniary value elements which, of themselves, carry no standard by which such value may be measured with certainty. Brokerage Co. v. Campbell, 164 Mo. App. 8, 147 S. W. 545. It being apparent that some loss was suffered, it was entirely proper to let the jury determine what the loss probably was from the best evidence the nature of the case admitted."

Other cases perhaps more directly in point to the same effect are: Ft. Smith & W. R. Co. v. Williams, 30 Okla. 726, 121 Pac. 275, 40 L. R. A. (N. S.) 494; Wellington v. Spencer, 37 Okla. 461, 132 Pac. 675, 46 L. R. A. (N. S.) 469; Gas Co. v. Glass Co., 56 Kan. 622, 44 Pac. 621, 54 Am. St. Rep. 598; McGinnis v. Studebaker Corporation of America, 75 Or. 519, 146 Pac. 825, 147 Pac. 525, L. R. A. 1916B, 868; Border City Ice & Coal Co. v. Adams, 69 Ark. 219, 62 S. W. 591: Anvil Mill Co. v. Humble et al., 153 U. S. 540, 14 Sup. Ct. 876, 38 L. Ed. 814.

As what we have said in the discussion of this assignment of error necessarily disposes of the single contention of counsel for plaintiff in error. it will not be necessary to notice in detail the other angles from which the one question is presented by the remaining assignments of error.

For the reason stated, the judgment of the court below is affirmed.

All the Justices concur.