## SCHREINER v. CITY NAT. BANK OF McALESTER et al.

No. 8667—Opinion Filed July 22, 1919. —

Rehearing Denied Sept. 30, 1919.

(Syllabus by the Court.)

**1. Pleading—Sufficiency Upon Demurrer.**

Where a pleading states any facts upon which a pleader is entitled to any relief under the law, a general demurrer to the same should be overruled.

**2. Bills and Notes—Notice of Dishonor—Waiver.**

Notice of dishonor is excused when the notice is waived by the party entitled thereto.

**3. Limitation of Actions—Partial Payments by Principal—Effect as to Indorser.**

The payment of interest and partial payments by the principal debtor, on a note which contains a stipulation "that the makers and indorsers in case this note is not paid at maturity, consent and agree to any and all extensions and partial payments before or after maturity without prejudice to the holder," tolls the statute of limitations as to an indorser on a note executed, and due

prior to the passage of the Negotiable Instruments Law (Laws 1909, c. .24) of this state.

Error from District Court, Pittsburg County; R. W. Higgins, Judge.

Suit by the City National Bank of McAlester against E. W. Schreiner and another. Judgment for plaintiff against defendant Schreiner, and he brings error. Affirmed.

Counts & Counts, for plaintiff in error.

W. H. Fuller and Geo. M. Porter, for defendants in error.

McNEILL, J. This proceeding arose by the City National Bank of McAlester, Okla., bringing suit against the McAlester Brick Company and E. W. Schreiner on a promissory note dated March 20, 1908, due June 18, 1908, signed by McAlester Brick Company and indorsed by William Busby and E. W. Schreiner. The note was credited with certain payments, and interest payments indorsed thereon. The last indorsement was dated October 2, 1913. The defendant Schreiner demurred to the amended petition for the reason that it did not state a cause of action in favor of the plaintiff and against himself. Said demurrer was overruled, and defendant excepted and filed his answer, denying that he was one of the makers of the note, but stated the fact that he had indorsed the same for accommodation, and that he was not liable thereon for the reason that before and after said note became due the bank, without any knowledge or notice to the defendant, entered into a contract with the brick company, extending the time of the payment of said note, and without any notice to the defendant again extended said note from time to time, and that no demand was ever made until the 16th day of October, 1914; that by reason of said facts, the payments and extensions of time were granted without his knowledge or consent, and that more than five years had expired from the date the note was due, and the same was barred by the statute of limitations. The bank filed a demurrer to the answer of the defendant, which was sustained. On the trial of the case, judgment was rendered in favor of the bank and against the defendant. The case is brought here now on appeal.

The first question argued is that the court erred in overruling the demurrer to the amended petition. It is argued that the petition fails to state a cause of action, in that the petition alleges that Schreiner was a maker, when the note shows upon its face that he was only an indorser, and that, while he might be joined as a party defendant, he would have to be sued upon his contract as

an indorser and not as a maker. The law in force at the time of making the note and at the time the same became due was the statute of 1903. Section 4237 provides "that persons severally liable," which includes indorsers and guarantors, may at the option of the plaintiff be included in the same cause of action.

The plaintiff in error complains that the court overruled his demurrer, which was a general demurrer to the petition. The rule of this court is as follows:

"Where a pleading states any facts upon which the pleader is entitled to any relief under the law, a general demurrer should not be sustained thereto." Bishop-Babcock-Becker Co. v. Estes Drug Co., 63 Oklahoma, 163 Pac. 276; Sharp Lumber Co. v. Kansas Ice Co., 42 Okla. 689, 142 Pac. 1016; Cockrell v. Schmitt, 20 Okla. 207, 94 Pac. 521, 129 Am. St. Rep. 737; Owen v. Tulsa, 27 Okla. 264, 111 Pac. 320; Emmerson v. Botkin, 26 Okla. 218, 109 Pac. 531, 29 L. R. A. (N. S.) 786, 138 Am. St. Rep. 953; Hurst v. Sawyer, 2 Okla. 470, 37 Pac. 817; Anderson v. Muhr, 36 Okla. 184, 128 Pac. 296.

The petition stated the defendant Schreiner was a maker, and the demurrer admits this fact; therefore it states a cause of action. By taking the plaintiff in error's position that he was liable upon said note as an indorser and not as a maker, still the plaintiff would be entitled to the same relief. There would be no difference in the relief demanded, but might be a difference as to what defense might be interposed.

The plaintiff in error further contends that the plaintiff did not plead that the note was dishonored by the principal, and for that reason the petition does not state a cause of action, and cites in support of his contention the case of Grimes v. Tait, 21 Okla. 361, 99 Pac. 810. It is true, the court did so hold in that case, but that case arose by one indorser of the note suing a prior indorser, and in that case the note contained no waiver of demand, protest, notice of protest, and notice of nonpayment. In the instant case, the note contains such a waiver. Section 3645, Statutes of 1903, provides:

"Notice of dishonor is excused. * * * When notice is waived by the party entitled thereto."

If the plaintiff in error's contention is true, that he was an indorser, then by the terms of the note he waived any notice that the note was dishonored. Therefore it was not necessary to either allege or prove said fact, and the court did not commit error in overruling the demurrer.

The next question presented is: Did the court err in sustaining the demurrer to the defendant's answer wherein he pleaded the statute of limitations? The question presented is:

"Will partial payments or payments of interest by the principal debtor before the note is barred by the statute of limitation toll the statute of limitation as to the sureties?"

This question does not appear to have been decided by this court. There is a conflict in the decisions of the court of other states upon this question. The note in the instant case is dated March 20, 1908. Interest was paid on said note practically every three months until February 28, 1912. Partial payments were made on said note beginning June 3, 1912, and extending to October 2, 1913. It is admitted that if the payment of interest and the partial payments did not toll the statute of limitations, on the theory of the answer of Schreiner, pleading that he was an indorser, then the note was barred as to Schreiner. If the payments toll the statute of limitations, then the answer does not state a defense.

The note in the instant case contains the following provision:

"Makers and indorsers hereby severally waive demand of protest. * * * In case this note is not paid at maturity and consent and agree to any and all extensions and partial payments before or after maturity without prejudice to holder."

The plaintiff in error cites and relies on numerous cases, among them being the case of Steele v. Souder, 20 Kan. 39, wherein the court held that the payments of interest and partial payments by the principal did not prevent the surety from taking advantage of the statute of limitations, and the payments did not operate to extend the limitation as to the sureties. There is a long line of cases supporting this theory, one of the later cases being Dwire v. Genry, 95 Neb. 150, 145 N. W. 250, where the court stated:

"Payment of interest on a note by the principal without the authority, knowledge, or consent of the surety will not stop the running of the statute of limitations as to the surety."

But an examination of these cases discloses they are practically all founded upon cases where the note sued upon contained no waiver or stipulation in the note, and in a great number of the cases, the opinion is based upon the proposition that payments of interest or partial payments made without the knowledge or consent of the surety will not toll the statute of limitations as to the sure-

ties. Cases holding to the contrary, on practically the same kind and character of notes, are the following cases: Nichols v. Porter, 181 Ind. 332, 103 N. E. 842, Ann. Cas. 1916D, 326; Copeland v. Collins, 122 N. C. 619, 30 S. E. 315; Moore v. Carr, 123 N. C. 425, 31 S. E. 832; Schindel v. Gates, 46 Md. 604, 24 Am. Rep. 526; Hunt v. Bridgham, 2 Pick. (Mass.) 581, 13 Am. Dec. 458; Real Estate Bank v. Hartfield, 5 Ark. 551; Colburn v. Averill, 30 Me. 310, 50 Am. Dec. 630.

The rule announced by Wood on Limitations (4th Ed.) vol. 1, p. 574, is as follows:

"Payment of interest by the principal debtor with the knowledge and consent of the surety tolls the statute of limitations as to the surety."

We do not believe that the cases cited by plaintiff in error are controlling in the case at bar, for the reason the surety in the case at bar consented to partial payments and payments of interest, and so stipulated in the note, and the stipulation further provided that said payments should be without prejudice to the holder. It cannot be said that the payments of interest and the partial payments were made without the consent of the defendant, because he had stipulated that the same might be made, and he waived any defense by reason thereof. Having consented to said payments either before or after maturity, he will be deemed to have waived any defense by reason of said payments being made. Having consented and agreed to said payments, the same tolled the statute of limitations as to him.

Counsel for plaintiff in error also suggest that one extension would be all that would be permissible. This court in the case of Pioneer Construction Co. v. First State Bank, 60 Okla. 123, 158 Pac. 894, held, where a note contained a stipulation to waive all defense on the grounds of "any" extension of time of payment, the use of the word "any" before "extensions" means that one or more extensions of time are contemplated.

The petition shows upon its face that by reason of the partial payments the note was not barred by the statute of limitations, and the defendant, having pleaded or raised the statute of limitations in his answer alleging that said payments were made without his knowledge or consent, did not state a defense when the instrument disclosed that he had stipulated said payments might be made without prejudice to the holder thereof. It therefore follows that the court did not commit error in sustaining the demurrer to the answer of the defendant.

For the reasons stated, the judgment of the trial court is affirmed.

KANE, SHARP, HARRISON, and JOHNSON, JJ., concur.