## MICHELS v. CARTER OIL CO. et al.

No. 10712—Opinion Filed March 13. 1923.

(Syllabus.)

**Pleading—Sufficiency on General Demurrer.**

Where a pleading states any facts upon which the pleader is entitled to any relief, a general demurrer should be overruled. Record examined, and held, that the order overruling the demurrers be affirmed.

Error from District Court, Kay County; J. W. Bird, Judge.

Action by the Carter Oil Company against William Freudenberger and another; answer and cross-petition by P. J. Michels. Answers by plaintiff and defendant to cross-petition. Demurrers to such answers overruled, and cross-petitioner brings error. Affirmed.

W. P. Campbell, for plaintiff in error.

Jas. A. Veasey, C. M. Oaks, and Walter Davison, for defendant in error Carter Oil Company.

KENNAMER, J. The Carter Oil Company, plaintiff, instituted this action in the district court of Kay county against William Freudenberger and Kay County Oil Company, a corporation, defendants, to recover $33,938.74, alleged to be due for the development and operation of certain leases, and to establish a lien.

J. P. Michels interpleaded in the action by leave of the court and filed his answer and cross-petition. The plaintiff and defendants filed separate answers to Michels' cross-petition. Demurrers were filed by Michels to the answers of the Carter Oil Company, Kay County Oil Company, and William Freudenberger filed by them to

his cross-petition. The court overruled the demurrers filed by Michels to the answers, and this appeal is prosecuted to reverse the action of the trial court in overruling the demurrers.

The material facts necessary to be considered in determining whether the court committed error in overruling the demurrers to the separate answers, briefly stated, are:

In the spring of 1914, S. A. Phillips was engaged in obtaining oil and gas leases on lands in Vernon and Weston townships to Kay county, Okla., to be turned over to William Freudenberger, who was under agreement to transfer to Phillips an interest in the leases, to be thereafter agreed upon. I. D. Pemberton was associated with Phillips in the venture as a silent partner.

On April 22, 1914, Phillips and Pemberton sold and agreed to transfer to P. J. Michels a one-sixteenth undivided interest in whatever interest might eventually be transferred to Phillips by Freudenberger.

When leases on 4,520 acres were obtained and turned over to Freudenberger, Phillips was allotted an undivided eighth interest as his share; which was transferred to him by Freudenberger, subject to a trust assumed by Freudenberger, created by a written contract dated June 4, 1914, between Freudenberger, as party of the first part, and Phillips, as party of the second part, which contained provisions as follows:

"The first party is to pay all expenses from this date connected with said leases in the operation thereon. The first party agrees to hold in trust for the benefit of the party of the second part the one-eighth working interest in all the leases * * * and to pay to the said S. A. Phillips the one-eighth interest of the net profits realized by the first party out of the said leases.

"It is further agreed that if the first party wishes to incorporate a company to operate said leases, the second party agrees to accept his pro rata share of the capital stock of such corporation, in lieu of the said working interest of the said net profits.

"The first party reserves the right to operate, sell. or cancel any or all of the above mentioned leases, * * * provided the said party of the second part shall receive the one-eighth net profits as above mentioned from such transaction."

Afterwards, on November 16, 1914, Phillips and Pemberton, in pursuance of the contract of April 22, 1914, assigned and transferred to Michels a sixteenth part of their eighth interest subject to the trust agreement between Freudenberger and Phillips of June 9, 1914.

Afterwards, on October 9, 1915, Freudenberger and the Carter Oil Company entered in to a written contract by which Freudenberger assigned and transferred to the Carter Oil Company a three-fourths undivided interest in and to the leases obtained by Phillips and turned over to Freudenberger. It was provided that Freudenberger should be entitled to one-fourth of the income from said leases, less operating expenses, and that the Carter Oil Company should "at all times have full and exclusive control and management of the said leases and of the property in connection therewith, and of the development and operation of said leases." The Carter Oil Company agreed to advance the funds to pay all expenses of operation and rentals, and if the expenses exceeded the income, Freudenberger agreed to reimburse the Carter Oil Company to the extent of one-fourth of such excess, secured by lien upon Freudenberger's interest.

The sixth paragraph of the contract of October 9, 1915, reads as follows:

"In view of certain outstanding interests in various parties, being transferees of first party of small parts of the working interest of the net profits from said leases, first party hereby covenants and agrees with second party that the interests outstanding in his said transferees shall be at all times chargeable against his one-fourth interest in the net proceeds of said properties, and that he will at all times indemnify and save harmless the second party against all actions, claims and expenses which may be made against it, the second party, by reason of said outstanding interests."

The petition of the Carter Oil Company alleges the execution of the contract of October 9, 1915, between the company and Freudenberger, and that thereafter Freudenberger, without its knowledge and consent, assigned his one-fourth interest to Kay County Oil Company. It alleges divers and sundry breaches on the part of Freudenberger, and demands judgment against the latter for $33,938.74, and foreclosure of its lien on said one-fourth interest.

The answer of Freudenberger to plaintiff's petition admits the execution of the contract of October 9, 1915, and alleges that its execution was obtained by the plaintiff by fraud, circumvention, deceit, and misrepresentation, and alleges divers and sundry breaches of the same by the plaintiff to his damage in the sum of $464,000, for which he demands judgment, and a cancellation of said contract, and a decree adjudging that the plaintiff had no lien on the property in question.

The answer of Kay County Oil Company to plaintiff's petition admits the execution of the contract between Freudenberger and the plaintiff of October 9, 1915, but alleges that the contract was entered into without its knowledge and consent, several breaches by the plaintiff are alleged, as in the answer of William Freudenberger, and asks for a cancellation of the contract for fraud and deception on the part of the plaintiff and for a judgment for $464,000, and that plaintiff be denied a lien on the property, and that a receiver be appointed to manage the property and for general relief.

The cross-petition of P. J. Michels, filed by leave of court, alleges the purchase of an interest in the leases in question from Phillips and Pemberton, as evidenced by the contracts of April 22, 1914, and of November 16, 1914, subject to the trust mentioned in the trust agreement between Freudenberger and Phillips of June 9, 1914.

The cross-petition further alleges that the intervener, P. J. Michels, is one of the parties referred to in the sixth paragraph of the contract of October 9, 1915, between Carter Oil Company and Freudenberger, as being a transferee of small interests in said leases, and avers that in virtue of the premises he is the holder and owner and tenant in common of a one hundred and twenty-eighth interest in the leases in question, divested of any claim of title or interest on the part of either the Carter Oil Company or Freudenberger or Kay County Oil Company, and asked that his title be quieted and for general relief. On April 7, 1919, The Carter Oil Company, William Freudenberger, and Kay County Oil Company, by leave of court, filed separate answers to the cross-petition of the intervener, P. J. Michels, which are in substance as follows:

The answer of the Carter Oil Company to the cross-petition of P. J. Michels alleges the execution of the contract of October 9, 1915, and alleges that Freudenberger by the terms of the contract reserved an undivided fourth interest in the leases in question and alleges on information and belief that Freudenberger assigned his interest to Kay County Oil Company; that in pursuance of said contract of October 9, 1915, Freudenberger was indebted to the Carter Oil Company in the sum of $50,000 for funds advanced and expended in drilling a number of wells for oil and gas on certain of said leases, chargeable to the interest of Freudenberger, for the security of which the plaintiff has a lien on an undivided fourth interest in said leaseholds and the equipment and produc-

tion therefrom to secure it for advances made on behalf of said Freudenberger in the development and operation of said leases.

The answer quotes the sixth paragraph of the agreement of October 9, 1915, above set forth, and says "that by virtue of said provisions said Freudenberger agreed that the interest of the intervener, if any, should be charged against and taken from said undivided fourth interest reserved by said Freudenberger."

The demand is that the interest of the intervener, if established, be subject to the lien for said advances.

The answer of William Freudenberger to the cross-petition of J. P. Michels denies knowledge of any contract between Michels and Phillips and Pemberton, and alleges notice of the agreement between Freudenberger and the Carter Oil Company. It alleges that the trust agreement entered into between Freudenberger and Phillips gave this defendant, William Freudenberger, the authority and power to dispose of the leases as he, in his judgment, thought best. That in pursuance of the several contracts alleged in the pleadings, Freudenberger entered into the contract with the Carter Oil Company on October 9, 1915, and did organize the Kay County Oil Company, and transferred and assigned to it the remaining one-fourth interest in and to said leases, and tendered to Michels————shares of the stock of said company as his proportionate share of said stock. The answer asks that Michels take nothing and be barred of any right, title or interest in said leases.

The answer of Kay County Oil Company to cross-petition of P. J. Michels reproduces the defense of Freudenberger in substantially the same language and asks for the same relief.

Counsel for Michels argues that the court erred in overruling the demurrers to the separate answers of the plaintiff and codefendants to the answer and cross-petition of Michels, for the reason Freudenberger did not have authority to assign a three-fourths interest in the leases to the Carter Oil Company and the remaining one-fourth interest to the Kay County Oil Company, which he organized and in which he tendered stock to Michels to the extent of his interest in the leases by reason of his purchase from Phillips and Pemberton.

Upon an examination of the contract between Freudenberger and Phillips dated June 4, 1914, it is our conclusion that the contention of counsel for Michels is unten-

able. The contract obligated Freudenberger to pay all expenses incident to the operation of the leases. This provision alone shows that it was contemplated by the parties that Freudenberger was to have the leases operated. Furthermore, the contract specifically provided that Freudenberger had the right to operate, sell, or cancel any of the leases, and in the event he did operate or sell the leases, he was to account to Phillips for one-eighth of the net profits. We can perceive no good reason why, under the terms of this contract, Freudenberger did not have the authority to assign a three-fourths interest in the leases for the purpose of having the leased property developed. It is not just clear from the pleadings why Freudenberger organized the Kay County Oil Company, but this is a matter that may be explained on the introduction of testimony.

In our view of the case, it is unnecessary to express any opinion on the nature of the trust created by the contract between Freudenberger and Phillips, as it appears that the only question involved is the extent of the authority of Freudenberger according to the terms thereof. The plain terms of the contract disclose that Freudenberger had full power to dispose of the leases or have them operated and account to Phillips for one-eighth of the net profits. The separate answers of the plaintiff and codefendants of Michels pleaded the terms of this contract. The rule has been repeatedly announced by this court that, where a pleading states any facts upon which the pleader is entitled to any relief, a general demurrer should be overruled. The Bishop-Babcock-Becker Co. v. Estes Drug Co. et al. 63 Okla. 117, 163 Pac. 276; Schreiner v. City National Bank, McAlester, et al., 76 Okla. 76, 183 Pac. 905.

For the reasons given, the order overruling the demurrers is affirmed.

JOHNSON, V. C. J., and KANE, McNEILL, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.