JOHN R. ALLEN, APPELLANT, V. ESTATE OF ANDREW ALLEN, APPELLEE.

FILED MAY 7, 1908. No. 15,072.

1. **Limitation of Actions: WAIVER.** A stipulation in a promissory note providing, "And the payee or holder of this note may renew or extend the time of payment of the same from time to time as often as required, without notice, and without prejudice to the rights of such payee or holder to enforce payment against the makers * * * at any time when the same may be due and payable," is not an agreement to waive the bar of the statute of limitations.

2. **Pleading: REVIEW: SUFFICIENCY.** In determining the effect of a pleading, this court will give it a liberal construction whenever such pleading is attacked for the first time in this court, or where the parties go to trial in the lower court without objection upon a pleading thus assailed.

3. ———: JUDGMENT OF DISMISSAL. The petition shows upon its face that the notes sued on were barred by the statute of limitations. The answer alleged the bar of the statute as a defense. In reply the plaintiff alleges matters in avoidance of the defense pleaded. *Held*, In this state of the pleadings, appellant cannot urge that a judgment dismissing his action is not supported by the pleadings.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*Burr & Marlay* and *Samuel J. Tuttle,* for appellant.

*John R. Dean* and *Hainer & Smith, contra.*

EPPERSON, C.

The appellant seeks to recover upon two promissory notes given to him by Andrew Allen, since deceased. One note was given October 21, 1889, due six months after date, for $340. The other note was given November 6, 1889, for $260, due six months after date. Appellant filed his claim therefor against the estate of Andrew Allen, deceased, and later appealed to the district court from the order of the county court rejecting the claims. Upon appeal in the district court the appellant filed his petition setting forth the said notes, each of which contains the following provision: "The drawers and indorsers severally waive presentment for payment, protest, and notice of protest and nonpayment of this note. And the payee or holder of this note may renew or extend the time of payment of the same from time to time as often as required, without notice, and without prejudice to the rights of such payee or holder to enforce payment against the makers, sureties and indorsers, and each of them, parties thereto, at any time when the same may be due and payable." The note last above described bears an indorsement of date April 11, 1894, of $187.25. For answer to the petition filed in the district court, the administratrix alleged "that the said indebtedness, if any there was, was long since paid by the said Andrew Allen in his lifetime, and there is nothing due and owing from the estate of the said Andrew Allen, deceased, to the said John R. Allen. Further answering the administratrix alleges that she does not admit that the estate of Andrew Allen, deceased, is indebted to the said John R. Allen in any sum whatever, but she alleges that if any such debt existed the same is barred by the statute of limitations, for the reason that more than five years have elapsed since the

pretended cause of action of the plaintiff accrued or the
notes matured, and no suit was begun and no payment
made on the notes sued on since the 16th day of April,
1894, and no promise to pay the same or acknowledgment
of said debt in writing was ever made by said deceased
in his lifetime or any one for him." In reply the appel-
lant alleged, in substance, that said deceased and appel-
lant were brothers; that said notes were given for money
loaned to deceased by appellant, and that the said de-
ceased was, and his estate is, estopped and barred from
pleading the statute of limitations or claiming any right
thereunder, for the reason that appellant by virtue of the
contract had the right to, and did, extend the payment of
said notes and each of them from time to time as often as
required to prevent the running of the statute of limita-
tions, and, further, that the deceased wrote the appellant
letters in reference to the said notes, and, "among other
things, in said letters deceased stated in relation to said
notes, 'I don't want the limit of the statute to run out
before settled,' deceased meaning that said two notes were
not to become due until he paid them, meaning thereby
to induce plaintiff not to commence an action upon the
same, and that plaintiff would believe that the said de-
ceased would not plead to the statute of limitations in
any action that he might thereafter bring on said notes,
and by both of which said contracts and by said letters
plaintiff was induced to believe and did believe and relied
thereon, and did not commence a suit at law against his
brother, because he was led to believe that no plea or right
under the statute of limitations would ever be pleaded,
set up or claimed by said brother or by his estate if
claimant relied upon said statements in said letters, to-
gether with the agreement set up in each of said notes;
and claimant alleges that he did rely upon said agreement
in said notes, letters and inducements therein contained,
and the same did induce and lead claimant to forbear and
defer an action on said notes and each one of them."

A trial in the district court resulted in a finding and

judgment for defendant. No motion for a new trial was filed, and therefore our inquiry here is limited to the one assignment of error that the pleadings do not support the judgment appealed from. The statute of limitations has barred an action upon the notes in controversy, unless, as appellant contends, the clause in each of the notes above quoted was a legal agreement made by the deceased not to plead the statute of limitations. This clause was a part of a printed form, and was intended apparently to fix the rights of the parties in the event that it should be signed by sureties and endorsers. It is not an agreement waiving the right to plead the bar of the statute. At most, it was effectual for the purpose of permitting the holder of the note to extend the time of payment without notice. Before such agreement will operate to toll the statute, it must appear that the holder of the note availed himself of the privilege given. The larger note contains an indorsement as follows: "Lincoln, Neb., March 5, 1905. In accordance with the within contract I hereby extend the time of payment of the within note for five years. (Signed) John R. Allen." The smaller note contains a like indorsement, except that it was dated in 1901, instead of 1905. Such attempts to extend the time for the payment of the notes are ineffectual. The agreement not being one to waive the bar of the statute, the notes were *prima facie* barred at the time of the attempted extension thereof.

But it is further contended by the appellant that a written extension of the time for payment was unnecessary; that, by reason of the right given the holder to extend the time of payment whenever necessary, the notes for this reason stand extended, or, in other words, remain unmatured so long as he forbears suing thereon. Such construction cannot be placed upon this agreement. Apparently it was not given this construction by either party. The indorsement made after the bar of the statute indicates that the appellant did not consider that the notes were extended automatically; and it ap-

pears that the maker did not so construe the contract, for in the reply immediately following the allegation above quoted we find the following: "Plaintiff often demanded payment thereof, and deceased was unable to pay said notes, and often requested delay and refused to pay the same, and each and every delay had in these premises was obtained by the said deceased at his earnest solicitation, and against the positive demand for payment by plaintiff." Appellant alleges in reply an estoppel by reason of a letter written by the maker of the note, which it is said induced him to refrain from bringing suit. This is new matter, and it is pleaded by way of an avoidance of the bar of the statute pleaded in defense. At most, the allegation of this estoppel is hardly sufficient to show that the plaintiff was overreached by the maker of the note, nor that he was induced by deceit to delay his action. The law of evidence required the plaintiff to prove this allegation of new matter. *Home Fire Ins. Co. v. Johansen,* 59 Neb. 348. It cannot be said that for this reason the pleadings here in controversy do not sustain the judgment.

As this action is against the estate of the maker of the notes, it is contended by the appellant that, inasmuch as the pleadings do not disclose the date of the maker's death, the answer does not sufficiently plead the statute of limitations. It is argued that, if the maker's death occurred before the statute would otherwise have barred the action, the running of the statute came to an end, and the plea is without weight. The reply is in the nature of an admission of the bar of the statute and an avoidance thereof by pleading, first, the extension of time for the payment of the notes by the maker from time to time; and, second, by pleading that the administratrix is estopped from pleading the bar of the statute by reason of a certain letter written to the appellant by deceased in his lifetime. In the reply appellant virtually admitted that the notes would have been barred by the statute were it not for the matters pleaded in avoidance. It

was then considered by the appellant as having sufficiently alleged this defense. Such effect must be given to it by this court. It is the rule that, in determining the effect of a pleading, this court will give it a liberal construction whenever such pleading is attacked for the first time in this court, and especially is this true where the parties go to trial in the lower court without objection upon the pleadings thus assailed. *National Fire Ins. Co. v. Eastern B. & L. Ass'n,* 63 Neb. 698; *Western T. A. Ass'n v. Tomson,* 72 Neb. 661; *Allen v. Dunn,* 71 Neb. 831. In order to give force to the appellant's contention, it would be necessary to hold that the answer totally failed to allege the bar of the statute as a defense. An insufficient allegation of this defense cannot be considered as a waiver thereof. *Prima facie* plaintiff's petition does not state a cause of action. The petition shows upon its face that the notes were barred by the statute. The answer alleged the bar of the statute, and the reply an avoidance. In this condition of the pleadings, appellant is not in a position to urge that the answer did not sufficiently plead the bar of the statute, nor that the pleadings fail to support a judgment dismissing his action.

The judgment of the district court is responsive to the pleadings herein, and we recommend that it be affirmed.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.