## TUPEKER et al. v. DEANER.

No. 4292.   Opinion Filed May 11, 1915.

(149 Pac. 853.)

**MINES AND MINERALS—Property—Oil and Gas Lease—Assignment Warranty of Title—"Chattel Real."** An oil and gas lease is a chattel real. But in case of an assignment by the lessee of all his "right, title and interest" therein, where the assignee has knowledge of a prior existing lease, the general rule applicable to sales of personalty, that the act of selling is in itself an affirmation by the vendor that he is the owner, out of which arises an implied warranty of title, does not obtain.

(Syllabus by Bleakmore, C.)

*Error from District Court, Okmulgee County;*

*Wade S. Stanfield, Judge.*

Action by Fred W. Tupeker and another against John J. Deaner. Judgment for defendant, and plaintiffs bring error. Affirmed.

*Merwine & Newhouse,* for plaintiffs in error.

*Belford & Hiatt,* for defendant in error.

BLEAKMORE, C. This is an action commenced in the district court of Okmulgee county by the plaintiffs in error, as plaintiffs against defendant in error as defendant, to recover money paid for an assignment of an oil and gas lease, and for damages. The parties will be referred to as they appeared in the trial court. The case was tried to the court, which rendered judgment for defendant.

The facts, disclosed by the evidence, essential to a determination of the question here, are that in July, 1908, a guardian, under proper orders of the county court of McIntosh county, Okla., executed an oil and gas lease to an oil company. The lease was duly recorded in Okmulgee county, in which the land described was located, but the orders of the court authorizing and confirming the lease were not recorded. Afterwards, on March 24, 1911, said guardian executed a second oil and gas lease on the same land to defendant, which was authorized and confirmed by said court. The last lease was recorded, together with the orders of the court in Okmulgee county. After such registration, on March 27, 1911, the plaintiffs procured an assignment to them by defendant of said second lease; the assignment, so far as pertinent to this case, being:

"Know all men by these presents: That I, J. J. Deaner, of Okmulgee, Oklahoma, for and in consideration of the sum of one dollar, and other valuable considerations to me in hand paid by F. W. Tupeker & A. W. Holke, receipt of which is hereby acknowledged, have sold and assigned and do by these presents sell and assign, transfer and set over unto the said F. W. Tupeker & A. W. Holke, their heirs and assigns, all my right, title and interest in and to a certain oil and gas mining lease dated March 24, 1911, executed by Walter R. Polk, as guardian of Benjamin Polk, a minor, of Eufaula, Oklahoma, in favor of the said J. J. Deaner. * * *"

Before the execution of said assignment, defendant furnished the plaintiff an abstract to the land described, showing the chain

of title and the leases to which we have referred. The abstract was examined by the attorneys of plaintiff, who gave him a ·written opinion, especially directing · attention to the first lease to the oil company.

Plaintiffs contend that they were entitled to recover on an implied warranty of title, as in the sale of chattels, and say in their brief, that the only question here presented is: "Was there an implied warranty of title in the sale of this oil and gas lease?" It is the settled rule in this jurisdiction that there is an implied warranty of title to chattels by a seller in the actual or constructive possession thereof to a vendee purchasing in good faith, believing he is obtaining a clear title to the same. *Clevenger v. Lewis*, 20 Okla. 837, 95 Pac. 230, 16 L. R. A. (N. S.) 410, 16 Ann. Cas. 56.

An oil and gas lease, such as the one assigned, is a chattel real, as contradistinguished from real property (*Duff v. Keaton*, 33 Okla. 92, 124 Pac. 291, 42 L. R. A. [N. S.] 472) ; and while it merely grants the right to prospect for oil and gas, vesting no title in the land itself, and no title to the oil and gas therein until they are reduced to actual possession, yet by our statutes it is required to be in writing, acknowledged, and recorded in order to be valid against third persons.

The assignment of the lease in question recites:

"Do by these presents sell and assign, transfer and set over * * * all my right, title and interest in and to a certain oil and gas mining lease * * *"—describing it.

It is the general rule that, in transactions involving the transfer of property, the contract, unless contrary to law, will control, and its terms will not be extended or enlarged upon by the courts, for to do so would be to make a new contract other and different from that intended by the parties.

In the instant case the plaintiff, before he accepted the assignment of the lease, had before him an abstract showing every instrument affecting the land described therein. His atten-

tion had been directed particularly to the prior lease by the written opinion of his attorneys. He was, or by the exercise of the least diligence could have been, as fully advised before he took the assignment as he was thereafter of the very facts of which he here complains and asserts have rendered the lease assigned to him void. As to these facts, he could not have been misled or deceived. He contracted with reference thereto for only "the right, title and interest" of the assignor. This, whatever it was, he took by the assignment, and nothing more. He voluntarily assumed the hazard of known conditions which he now alleges have defeated such "right, title and interest." Under the facts in this case, the general rule applicable in sales of personalty, that the act of selling is in itself an affirmation by the vendor that he is the owner out of which arises an implied warranty of title, does not obtain. *Gould v. Bourgeois*, 51 N. J. Law, 361, 18 Atl. 64.

In our opinion, the action of the trial court was right, and its judgment should be affirmed.

By the Court: It is so ordered.