## CORNELIUS et al. v. STANDARD ROYALTIES CO.

No. 17969. Opinion Filed March 27, 1928.

Rehearing Denied June 5, 1928.

(Syllabus.)

**Limitation of Actions—When "Cause of Action Accrues."**

The general rule is the statute of limitation begins to run when cause of action accrues, and the true test to determine when the cause of action accrues is to ascertain the time when the plaintiff could first maintain his action to a successful result.

Error from District Court, Tulsa County: Luther James, Judge.

Action by Hamet D. H'nkle and Standard Royalties Company against Ira E. Cornelius and W. H. Gray. Judgment for plaintiffs, and defendants appeal. Affirmed.

Charles A. Moon and Francis Stewart, for plaintiffs in error.

Robert F. Blair, for defendant in error.

PHELPS, J. On November 15, 1919, the appellee herein assigned to Ira E. Cornelius and W. H. Gray, appellants, an undivided one-fourth interest in an oil and gas mining lease covering 80 acres of land located in Okmulgee county, together with all oil wells, tanks, fixtures, machinery, etc., for a consideration of $7,250. On March 18, 1920, appellants wrote to appellee the following letter:

"I enclose you herewith check, Cornelius & Gray, for $4,763.40 in accordance with your letter of the 16th inst., and I have paid abstract fees and expenses in fixing up the title, $124,60, and I retain $2,362 out of which I will settle with the ward and mail you the difference as soon as I can settle with her, and I will settle with her just as soon as I possibly can.

"This is in accordance with your letter of the 16th, and I trust will be perfectly satisfactory to you.

"I am working on the Mitchel, and should have something definite in a day or two.

"Yours truly,

"Ira E. Cornelius."

On June 20, 1920, an additional $959 was paid. The balance not having been paid, on December 4, 1925, appellee filed its action in the district court of Tulsa county, praying judgment against appellants for the same. The cause was tried to the court without the intervention of a jury, resulting in a judgment in favor of plaintiff, appellee here, to reverse which this appeal is prosecuted.

As a defense to the action, appellants pleaded the statutes of limitation, claiming that if it can be said that the action was one upon a written contract, the statutes of limitation commenced to run when the assignment of the interest in the lease was executed, or at least upon the day when the last payment of the consideration was made, and that suit not having been begun until more than five years thereafter, the cause of action was barred under the first subdivision of section 185, C. O. S. 1921, or if it could be said that the action was upon a contract, express or implied, not in writing, or a liability created by statute, it was barred within three years under the second subdivision of section 185.

It is claimed by appellee that when the assignment was executed appellants retained $2,362 of the consideration for the purpose of settling and satisfying of lien existing against the property; that after paying the additional $959, appellants made no effort to satisfy said lien, but retained the balance of the purchase price agreed to be paid for the interest in the lease and allowed the lien to remain against the property and that it was necessary for appellee to satisfy the lien, which it did on August 5, 1925, and that the statutes of limitation did not begin to run until that date.

There is no dispute between appellee and appellants as to the assignment of the interest in the lease, as to the amount of the purchase price, or the manner in which it should be paid, the sole question considered by the trial court being the date upon which the statute of limitation commenced to run. It appears clear to us that, since it is, in effect, conceded that the balance of .the purchase price for the lease was not due and payable until the lien against the property was satisfied out of the proceeds of the purchase price, the statute of limitation did not begin to run until the date upon which appellee could first maintain its action for the balance of the purchase price.

In Silversmith v. Hart, 68 Okla. 204, 173 Pac. 451, in the second paragraph of the syllabus, this court said:

"The statute of limitations does not begin to run until a cause of action has accrued."

And in Patterson v. Bonner, 73 Okla. 224, 175 Pac. 826, in the second paragraph of the syllabus, we said:

"Whenever one party to a contract may rightfully sue another thereon, a cause of action has accrued and the statute of limitation begins to run."

And such, also, was the holding in Broadwell v. Board of County Commissioners, 88 Okla. 147, 211 Pac. 1040.

We, therefore, conclude that appellee could not properly maintain its action until the lien was satisfied for which a portion of the purchase price was withheld; that the statute of limitation did not commence to run until August 5, 1925, the date upon which the lien was satisfied, and the action, having been filed on December 4, 1925, was not barred by the statute of limitation.

Appellants did not so plead in their answer, but at the trial and in their briefs here they contend that there was no contract with and no evidence upon which to base a judgment against appellant W. H. Gray; that the letter written to appellee, in which the first installment of the purchase price was forwarded, was written and signed by Cornelius only. We call attention, however, to the fact that the assignment of the lease was made to both Cornelius and Gray; that the check in payment of this installment of the purchase price was the check of Cornelius & Gray, and we conclude that, even if it may be contended with a degree of justification that there was no written evidence of a contract between appellee and Gray, clearly there was an implied promise or obligation that Gray should be bound and become responsible for payment of the bal-

ance of the purchase price for the lease, and, as we have herein concluded that the statute of limitation did not begin to run until August 5, 1925, prior to the commencement of the action on December 4th, Gray is not entitled to the benefit of the statute of limitation barring a recovery on his implied promise to pay or his liability created by statute.

The judgment of the trial court is affirmed, and judgment rendered on supersedeas bond.

MASON, V. C. J., and HARRISON, LESTER, CLARK, and HEFNER, JJ., concur.

Note.—See 37 C. J. p. 810, §153; anno. 17 L. R. A. (N. S.) 1189; 17 R. C. L. 749; 3 R. C. L. Supp. p. 727.