## SCHMIDT v. ST. LEWIS.

No. 25320.    May 21, 1935.

Rehearing Denied Oct. 1, 1935.

Wm. L. McCann, for plaintiff in error.

Suits & Disney, for defendant in error.

PER CURIAM.  Roy St. Lewis executed and delivered to Ed. A. Schmidt an assignment reciting that Wilbur J. Holleman and Fred E. Suits are the owners of a certain oil and gas lease, particularly described as to date, lessors, lessees, and the lands leased, and further reciting that St. Lewis is "the owner of an undivided two sixty-fourths (2/64ths) overriding interest in the lessee's portion of any oil, gas, casinghead gas, or other minerals produced from said lands; the same being an undivided two-sixty-fourths (2/64ths) overriding interest in the oil and/or gas and/or other minerals that may be produced from said lands, after deduction of lessors' royalty." The granting clause, so far as here material, is that St. Lewis hereby conveys to Ed. A. Schmidt, of Oscaloosa, Iowa, his heirs or assigns, an undivided one-sixty-fourth (1/64th) overriding interest in said lessees', Wilbur J. Hol-

leman's and Fred E. Suits,' portion of any oil, gas, casinghead gas, or other minerals produced from said lands, the same being an undivided one sixty-fourth (1/64th) overriding interest in the oil and/or gas and/or other minerals that may be produced from said lands, after deduction of lessors' royalty.

There was a failure of title.  See Magnolia Petroleum Co. v. Suits (C. C. A. 10) 40 F. (2d) 161.  Schmidt then brought this suit to recover the purchase price paid for his assignment, with interest, on the theory that there was a failure of consideration, and that the assignment contains an implied covenant of warranty of title, which has been breached.  Defendant had judgment in the court below.

If a warranty of title is not implied in the assignment, plaintiff cannot recover.

In Tupeker v. Deaner, 46 Okla. 328, 148 P. 853, an assignment of "all my right, title and interest" in an oil and gas lease was held to carry no implied warranty. Clevenger v. Lewis, 20 Okla. 837, 95 P. 230, 16 L. R. A. (N. S.) 410, 16 Ann. Cas. 56, relied on by plaintiff in error here, was considered and its doctrine held inapplicable to the situation presented in the Tupeker Case.  In that case the assignee had knowledge of a prior lease at the time he took his assignment.  In the case at bar, the suit which caused the failure of title complained of was on file when plaintiff took his assignment.  As to whether plaintiff had actual knowledge of the suit, and the possible defect in title, the evidence is conflicting. By its decision for defendant, the trial court has found plaintiff bought with knowledge; the finding is amply supported by the evidence, and under the familiar rule will not be disturbed on appeal.  It is not necessary to decide whether the rule would be different if the assignee was without knowledge of the defect.

In Moore v. White, 75 Okla 171, 182 P. 684, this court held there was no implied

warranty of title in an assignment in writing of "all our right, title and interest" in an oil and gas lease. And see Ball v. Coyle, 108 Okla. 30, 233 P. 750; Texas Co. v. Pettit, 107 Okla. 243, 220 P. 956.

We construe plaintiff's assignment as the sale of an interest in a lease, rather than a sale of personalty. This court has held that oil and gas in place are not subject to absolute ownership apart from the soil of which they are a part. This, and the nature of the right obtained by a purchaser of oil and gas in place, are discussed in numerous decisions of this court, one of the more recent being Cuff v. Koslosky, 165 Okla. 135, 25 P. (2d) 290, and the discussion need not be repeated here.

In our opinion the judgment of the trial court is right, and should be affirmed. It is so ordered.

The Supreme Court acknowledges the aid of Attorneys Garrett Logan, Paul B. Mason, and Whit Y. Mauzy in the ·preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Logan and approved by Mr. Mason and Mr. Mauzy, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, BUSBY, WELCH, and GIBSON, JJ., concur. OSBORN, V. C. J., and RILEY, PHELPS, and CORN, JJ., absent.