## GEORGIA v. O'HERION et al.

No. 26042.  Feb. 18, 1936.

Walter Mathews, for plaintiff in error.

Springer & Hervey, for P. T. O'Herion, defendant in error.

PER CURIAM.  This action was brought on the 21st day of September, 1932, in the district court of Payne county by the defendant in error P. T. O'Herion against the plaintiff in error, A. B. Georgia. and the other named defendants in error, H. C. Vineyard, Jessie L. Vineyard, and S. A. Bryant, to recover on a promissory note.  The parties will herein be designated as they appeared in the trial court.

It is alleged in plaintiff's petition that on the 28th day of April, 1922, the defendants H. C. and Jessie L. Vineyard delivered their promissory note to one F. L. Thompson due June 1, 1924; that said note was indorsed to A. B. Georgia; by the said A. B. Georgia to S. A. Bryant, and by the said S. A. Bryant to plaintiff; that all transfers and indorsements were for value and before maturity and the note had been extended as per its terms.

To plaintiff's petition S. A. Bryant filed an answer and cross-petition wherein the allegations of said petition were admitted, and alleging further that A. B. Georgia, before maturity of the note and for value, transferred, by indorsement, the note to him, and prayed judgment over against Georgia for any amount plaintiff might recover against him.

To the petition of plaintiff and cross-petition of S. A. Bryant, the defendant A. B.

Georgia filed answer wherein he admitted the note, after its maturity, had been extended year by year to January 1, 1930, by agreement between the holder and makers, but denied liability on the grounds that the cause of action was barred by the five-year statute of limitation. To this answer the plaintiff and S. A. Bryant filed separate replies consisting of a general denial.

Judgment was rendered for plaintiff against all the defendants, and on the cross-petition of S. A. Bryant against A. B. Georgia. From this judgment defendant A. B. Georgia appeals to this court.

The defendants H. C. Vineyard and Jessie L. Vineyard made no defense nor took any steps to appeal, thus they are not concerned in this opinion.

For reversal of the judgment in this cause, the defendant presents several propositions in his brief, but only one of them was presented to the trial court; therefore, we will here consider only that question, namely: "Was the plaintiff's cause of action barred by the five-year statute of limitations as against defendant A. B. Georgia?"

The promissory note sued upon contained the following clause:

"The makers, indorsers, sureties, guarantors and assignors of this note severally * * * agree and consent that, after maturity, the time for its payment may be extended from time to time by agreement between the holder and any of them without notice, and that after such extension or extensions, the liability of all parties shall remain as if no extension had been had. * * *"

There is no dispute as to the facts in this case. H. C. and Jessie L. Vineyard executed their note due June 1, 1924, and delivered it to F. L. Thompson, and Thompson indorsed it over to defendant, who in turn indorsed same to S. A. Bryant, and Bryant indorsed it to plaintiff. All transfers and indorsements were for value and before maturity of the note. After its maturity, the plaintiff and maker entered into six separate agreements for extension, without notice to defendant. The first extension was to January 1, 1925, and the last extension was to January 1, 1930. Yearly interest payments were made on the note by the maker to plaintiff, without notice to defendant. There is no evidence as to when the interest payments were made, nor as to how or when the plaintiff and maker entered into the respective six agreements for extending the note, the said note merely showing dates to which interest had been paid, said dates corre-

sponding with the dates to which the note had been extended from time to time.

Defendant contends this extension agreement clause amounts simply to an express reservation of the holder's right of recourse against the parties secondarily liable on the note in event any agreement binding upon the holder is made to extend the time for payment or to postpone the holder's right to enforce the instrument, as provided in section 11419, subsection 6, Okla. Stats. 1931, which provides:

"A person secondarily liable on the instrument is discharged: * * * (6) by any agreement binding upon the holder to extend the time of payment or to postpone the holder's right to enforce the instrument, unless the right of recourse against such party is expressly reserved."

Plaintiff contends the extension agreement clause in the note had not only the effect as contended for by the defendant, but that it amounted to consent and authority by defendant and all others liable on the note for the holder and the maker to bind the indorsers by agreement to extend the payment beyond the five-year statute of limitation period.

The note matured on the 1st day of June, 1924, and this suit was brought on the 21st day of September, 1932, or eight years, three months and 21 days after maturity of the note.

Section 101, Okla. Stats. 1931, on limitation of actions, in part, provides:

"Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards;

"(1) Within Five Years; an action upon any contract, agreement or promise in writing."

And section 107, O. S. 1931, provides how the statute of limitations might be extended or tolled, in the following language:

"In any case founded on contract when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing signed by the party to be charged thereby."

Agreement for extension of time for payment could not be made under terms of the note at bar until after its maturity; there-

fore, plaintiff's cause of action upon this note accrued June 1, 1924, date of maturity in the note. The plaintiff had a right to demand payment of the note on that date. It may be stated, as a general rule, the accrual of a cause of action means the right to institute and maintain a suit; and whenever one person may sue another, a cause of action has accrued and the statute of limitation begins to run. The true test is to ascertain the time when plaintiff could first have maintained his action. See 37 C. J. sec. 153 (2), page 810; Cornelius v. Standard Royalties Co., 131 Okla. 112, 267 P. 838. When the statute of limitation once begins to run it will continue unless there is a saving qualification in the statute. There are three saving qualifications in our statute, any one of which will, toll the limitation period, namely, payment, acknowledgment or promise. Sec. 107, O. S. 1931, supra.

1. Plaintiff contends that this case is governed by the decision of this court in Schreiner v. City National Bank of McAlester et al., reported in 76 Okla. 76, 183 P. 905, where it is held:

'The payment of interest and partial payments by the principal debtor, on a note which contains a stipulation 'that the makers and indorsers in case this note is not paid at maturity, consent and agree to any and all extensions and partial payments before or after maturity without prejudice to the holder,' tolls the statute of limitation as to an indorser on a note. * * *"

With this contention we cannot agree for the reason that the clause in the note at bar differs from the clause in the note in the Schreiner Case, supra, in that there is no provision in the present note for partial payments, and there is no evidence that defendant authorized or consented in any manner to the interest payments made by the maker to the plaintiff. Therefore, the right of defendant to plead the limitation statute is not affected by the payments made by the maker of the note, and his obligation to pay, as he promised in said note to pay, is not changed by said payments.

In the case of Street v. Moore et al., 172 Okla. 336, 45 P. (2d) 73, this court held that a partial payment on a promissory note is not a "new promise to pay" or a "new acknowledgment of the indebtedness" sufficient to toll the running of the statute of limitation, unless such payment be made voluntarily by the party to be charged, or by someone at his direction. This holding is in harmony with the rule that a payment on

a note tolls the statute of limitation as to the one making it and as to those other parties, and only as to those, who authorized or consented to the payment. See Schreiner v. City National Bank of McAlester et al., supra; Eichman v. Culver, 169 Okla. 495, 37 P. (2d) 640; Hope v. Gordon, 174 Okla. 1, 50 P. (2d) 669.

The rule announced in the case of Fitzgerald v. Brady, 166 Okla. 21, 25 P. (2d) 1090, to wit:

"An extension of time granted the principal debtor by agreement between him and the holder of a negotiable instrument without the knowledge or consent of the accommodation makers, does not release them from liability on said note"

—is not applicable to the case at bar. Justice Bayless, speaking for the court, there said:

"The defendant contends that the action pleaded in plaintiff's petition is barred by the statute of limitation. The note sued upon contains this provision: '* * * and we agree to all extensions and partial payments.'

"* * * The defendant's argument in support of this is largely based upon the fact that all the partial payments made on this note were paid by Hinkle (maker of the note) and not by the defendant (indorser) and that the extensions of time were without the knowledge or consent of the defendant. We have held in Schreiner v. City National Bank, 76 Okla. 76, 183 P. 905; Carr v. Wichita State Bank, 118 Okla. 136, 246 P. 1088; Oklahoma State Bank of Sayre v. Seaton, 69 Okla. 99, 170 P. 477, and other cases, that payments made by the maker of a note, conditioned similar to the note herein, were made for the benefit of and the effect thereof was chargeable to the indorsers, sureties, and guarantors."

It is further said in that opinion:

"The facts, as disclosed by the pleadings and evidence, are undisputed and show: That on January 11, 1922, J. H. Hinkle delivered his note for $5,000, indorsed by defendant to the plaintiff. This note was due one year from date. Between the due date and January 13, 1926, Hinkle made six payments upon the principal and interest, thereby reducing the principal amount to $2,000. * * *"

In the case of Fitzgerald v. Brady, supra, and the cases cited therein, it was the payments that prevented the statute of limitation from running. The note in that case provided for the making of partial payments, consequently, the court correctly ruled "that payments made by the maker of a note, conditioned similar to the note herein, were made

for the benefit of and the effect thereof was chargeable to the indorsers, sureties and guarantors." While that part of the syllabus in the case of Fitzgerald v. Brady, supra, quoted above might lead to the conclusion that any agreement between the maker and the holder of a negotiable instrument, without the knowledge or consent of indorsers, does not release the latter from liability, we do not believe the court intended the rule therein announced to cover such a situation as exists in the case at bar. In the present case, the note does not provide for partial payments, but the provision affecting indorsers merely authorizes an agreement to extend time of payment, which cannot be made until after the cause of action on the note accrues, and herein lies the vital distinction between the two cases.

2. Upon the making of an agreement to extend time for payment, the maturity date of the note is necessarily changed: it is virtually a new contract; it implies a "promise to pay" and amounts to "an acknowledgment of an existing liability, debt or claim" in the sense used in our statute, section 107, supra: and to be enforceable must be based upon consideration. It may be likened in many respects to a renewal note, as both relate to and partake of the elements and involve the original note. If the consideration for the extension agreement, wherein a new maturity date is fixed, be in form of a voluntary payment and applied on the original note, such payment will operate to toll the statute of limitation as against the payor and all those who authorized or consented to such payment. If the consideration therefor be merely in form of a promise to pay or an acknowledgment of the existing liability on the note, the same must be in writing and signed by the party to be charged thereby, in order for the promise or the acknowledgment to have the effect of tolling the statute of limitation. To held otherwise would be ignoring the plain and clear terms of section 107, Okla. Stats. 1931, supra.

3. It is a fundamental principle of law that a bill or note, the same as any other written instrument or contract, must be construed as a whole so as to give effect to every part of it, if possible. The contract must be collected from the four corners of the document, and no part of what appears there, is to be excluded. See Daniel, Neg. Instruments (5th Ed.) sec. 151; 8 C. J. sec. 136, p. 85. With this fundamental principle in mind, the defendant's contract, note in this case, is in the nature of a promise to

pay, and is also a promise in the nature of a consent that time of payment might be extended from time to time without notice to him. Assume, for sake of reasoning, that the extension clause was not contained in the note at bar and that it was a naked promise to pay, then, in order to toll the statute as to defendant in such an instance, plaintiff would have to show that defendant had performed one of the three acts as provided in section 107, O. S. 1931, supra. Again, assume for the same reason, that the contract or note contained only defendant's promise or agreement that the time for the performance of a definite act could be extended from time to time by agreement, without notice to him. Such a contract or agreement, the same as the promise to pay, would be controlled by section 101, subdiv. 1. O. S 1931, supra, with relation to action being barred thereon five years after the first date of maturity for said performance, unless the right of action be tolled in the manner as provided in section 107, Okla. Stat. 1931, supra. It therefore logically follows that the defendant's consent in the note that its time of payment might be extended from time to time without notice to him merely authorized the plaintiff and maker to enter into a "new agreement" after maturity of the note for its payment, but it did not authorize the plaintiff and the maker to bind defendant by agreement to extend payment of said note beyond five years from the first maturity date thereof. McLean v. First National Bank of Montgomery, 221 Ala. 103, 127 So. 550; Allen v. Allen's Estate, 81 Neb. 600, 116 N. W. 509; Commercial National Bank v. Tucker, 123 Kan. 214, 254 P. 1034. Action upon the note at bar, extended by the holder by virtue of said extension agreement clause, like the agreement to pay, is barred by section 101, subdiv. (1) O. S. 1931, since there is no evidence that defendant did anything to interrupt or toll said statute, as provided by section 107. O. S. 1931, supra.

4. The effect of the provision in the present note:

"* * * Indorsers * * * agree and consent that, after maturity, the time for its payment may be extended from time to time by agreement between the holder and any of them without notice * * *"

—is to deny the indorsers the right to plead their discharge within the period prescribed by the statute of limitation by reason of any agreement between the plaintiff and maker for extension during the period of five years from the first maturity date of

the instrument. In other words, the extension agreement clause amounts to an express reservation of the holder's right of recourse against the parties secondarily liable on the note, in event any binding agreement upon the holder is made to extend the time for payment or to postpone his right to enforce the instrument. Okla. Stat. 1931, sec. 11419, subsec. 6; Hurley v. Gray, 103 Kan. 345, 173 P. 919.

In view of the cited authorities and the undisputed evidence that defendant did not make, authorize or consent to the payments made on the note, and the fact that the instrument did not provide for the making of partial payments, and that he did nothing to interrupt or toll the statute, it is obvious that plaintiff's cause of action is barred by the statute of limitation. We are. therefore, of the opinion that the trial court erred in overruling defendant's demurrer to plaintiff's evidence; consequently, this cause is reversed and remanded to the district court of Payne county, with instructions to set aside and vacate its judgment in favor of P. T. O'Herion and S. A. Bryant against A. B. Georgia, and to sustain his demurrer to their evidence and render judgment for said defendant, A. B. Georgia.

The Supreme Court acknowleges the aid of Attorneys William M. Taylor, Clarence A. Warren, and Logan Stephenson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Taylor, and approved by Mr. Warren and Mr. Stephenson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur.