## THOMAS v. PUETT.

No. 26329.    April 7, 1936.

Rehearing Denied May 19, 1936.

Thos. A. Higgins, for plaintiff in error.

Leon J. York, for defendant in error.

PER CURIAM. Action by defendant in error, L. A. Puett, as plaintiff, against the plaintiff in error, Raymond D. Thomas, as defendant, on promissory note executed at Jenkins, Mo., on December 6, 1927, in the amount of $1,000, payable to the order of the Bank of Jenkins six months after date, with interest at 8 per cent. per annum, and duly assigned to the plaintiff. Interest had been paid thereon by Homer Thomas, one of the makers, until September 30, 1932. The prayer was for the sum of $1,080, with interest thereon at 8 per cent. per annum from September 30, 1933, attorney's fee in the amount of $125 and costs. The action was filed May 10, 1934. The parties will be referred to as they appeared in the lower court.

A demurrer to the original petition was filed and overruled. The original answer was superseded by an amended answer, the substance of which is, first, a plea of the statute of limitations; second, that the defendant, Raymond D. Thomas, received no part of the consideration and signed as surety only; third, that all payments of interest, as set forth in exhibit to plaintiff's petition, were made by Homer Thomas, the principal, and that defendant made no payments of interest or principal and did not authorize same to be made nor consent to the making thereof; and fourth, that if it were contended by plaintiff that provision in the note relating to delay and extensions constituted a waiver of the statute of limitations, such provision was void.

There was a supplement to this answer filed, alleging that since the date of the filing of the amended answer, Homer Thomas, principal maker of the note, had paid to the plaintiff, and the plaintiff had accepted, the sum of $205. A demurrer was interposed to the amended answer and sustained and exception saved, and the case duly appealed to this court by the defendant.

The judgment of the trial court should be reversed.

A demurrer searches the record, where filed to an answer, and reaches back to the petition. Crow v. Hardridge, 73 Okla. 136, 175 P. 115.

The answer in the instant case not only set up facts under which the plea of the statute of limitations was a good defense, but the petition on its face showed these facts and that the cause of action was barred.

In Street v. Moore, 172 Okla. 336, 45 P. (2d) 73, this court said:

"Partial payment on note is not 'new promise to pay' or 'new acknowledgment of the indebtedness' sufficient to toll running of statute of limitations, unless such payment is made voluntarily by party to be charged, or by some one at his direction (St. 1931, secs. 101, 107)."

This is in harmony with the rule that a payment on a note tolls the statute of limitations as to the one making the payment, and as to those other parties, and only as to those, who authorize and consent to the payment. Schreiner v. City Nat. Bank of McAlester, 76 Okla. 76, 183 P. 905; Eichman v. Culver, 169 Okla. 495, 37 P. (2d) 640; Hope v. Gordon, 174 Okla. 368, 50 P. (2d) 669.

The last case on this question is Georgia v. O'Herion, 176 Okla. 103, 54 P. (2d) 657.

The petition on its face shows that the defendant made no payments on the note in question within the five-year period preceding the bringing of the action, and that more than five years had elapsed since the note was due.

It is, therefore, ordered that the judgment of the trial court be reversed, with directions to sustain a demurrer to the petition of the plaintiff herein, and that the said cause be dismissed.

The Supreme Court acknowledges the aid of Attorneys John H. Halley, Welcome D. Pierson, and A. L. Jeffrey in the preparation of this opinion. These attorneys' constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Halley and approved by Mr. Pierson and Mr. Jeffrey, the cause

was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur.