## SMITH v. AMERICAN NAT. BANK OF PAWHUSKA.

No. 27366.   Oct. 5, 1937.

Rehearing Denied Nov. 2, 1937.

J. C. Cornett, for plaintiff in error.

Hamilton & Howard and Robert Stuart, for defendant in error.

HURST, J. The plaintiff, the American National Bank of Pawhuska, sued Sam Smith and Minnie Smith, his wife, on a promissory note, signed by them as co-makers. Sam Smith pleaded discharge in bankruptcy as his defense, which was established at the trial, and judgment was rendered in his favor, and no question is raised here as to the correctness of that judgment. Minnie Smith pleaded (1) the statute of limitations, and (2) that she was a restricted, incompetent Osage allottee and mentally incompetent to contract the debt sued on. The plaintiff filed a reply in the form of a general denial. A jury was waived, and the court rendered judgment for the plaintiff and against Minnie Smith, finding generally against her, and she appealed.

1. The defendant first contends that the action against her was barred by the statute of limitations. The note sued on was executed February 20, 1925, and was due June 20, 1925. No payment having been made upon it, suit was filed and summons was issued June 19, 1930, but the summons was returned unserved at the request of the plaintiff's attorney on June 21, 1930, pursuant to a written ageement between the bank and Sam Smith, dated June 19, 1930, under the terms of which said action was to be dismissed and Sam Smith was to execute eight notes of $500 each, the first payable September 20, 1930, and one note payable each three months thereafter, and Smith was to pay $400 in cash. This agreement was also to settle another note for $1,000. It was agreed that the note involved in this case would not be surrendered, but would be held by the bank as collateral security to the new notes. Minnie Smith was not a party to the written contract of settlement, but there is evidence that on June 19 or 20, 1930, Sam Smith and Minnie Smith, with their attorney, went together to the bank and Sam Smith paid the bank $10, which was credited on the note here sued on. On cross-examination, Sam Smith testified that Minnie Smith was present when the payment was made, and that he was acting for her as her agent in making the payment. How-

ever, on redirect examination, he testified that in making the payment he was not acting for his wife, but he did testify that the payment was made in connection with the settlement of the case against himself and wife on the note. Minnie Smith did not testify.

The defendant contends that the extension agreement was not binding upon her, and that the statute of limitations was not tolled as to her by the payment of $10 by her husband. She relies upon Eichman v. Culver (1934) 169 Okla. 495, 37 P. (2d) 640; Georgia v. O'Herion (1936) 176 Okla. 103, 54 P. (2d) 657; Thomas v. Puett (1936) 177 Okla. 140, 57 P. (2d) 877, to support this contention. These authorities hold that a payment by one maker does not toll the statute of limitations as to a co-maker, where the payment is without authority from the latter. Here, the circumstances surrounding the payment and the evidence justify the findings of the trial court that the defendant consented to the payment. Where the maker sought to be charged does give authority to a comaker to make payments, the statute is tolled as to him by such payments by his comaker. Thomas v. Puett, supra, and authorities cited; Schreiner v. City Nat. Bank (1919) 76 Okla. 76, 183 P. 905.

The note sued on contains the following provision:

"We, the signers * * * of this note * * * do hereby grant to the legal holder of this note the right to extend the same at the request of any of the signers hereof, hereby ratifying such extensions, and remaining bound on this note the same as before such extension."

It is argued by the plaintiff that under this provision, the written extension agreement signed by Sam Smith is binding upon the defendant, Minnie Smith. Since we hold that the payment had the effect of tolling the statute, it is unnecessary to pass upon the effect of this provision.

2. It is next argued that the defendant is not bound by the act of her husband in extending the note, for the reason that she is a restricted, incompetent Osage allottee. She relies upon the Act of Congress of February 27, 1925, sec. 6 (45 Stat. L. 1009, 25 U. S. C. A. sec. 331 note), which provides:

"No contract for debt hereafter made with a member of the Osage Tribe of Indians not

having certificate of competency, shall have any validity, unless approved by the Secretary of the Interior."

The answer to this argument is that said act was passed after the note was signed by the defendant, and no new debt was created by the act of her husband, with her consent, in making the payment, which merely had the effect of tolling the statute of limitations.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH and CORN, JJ., concur.