## CRENSHAW et al. v. CANNING.

No. 28129.   June 21, 1938.

Norman H. Wright, for plaintiffs in error.

Abernathy, Howell, & Abernathy, for defendant in error.

CORN, J   This is an action upon an alleged oral promise to convey an interest in real estate.

The action was commenced in the district court of Oklahoma county by the heirs at law of Sarah Canning, deceased, against Harry H. Canning, husband of said deceased, and stepfather of the plaintiffs.

At the time of their marriage the defendant and his said wife both had children by former marriages, most of whom were grown and lived away from their parents. The defendant owned a residence property in Covington which he later exchanged for a five-acre tract of land with a small house on it in the south side of Oklahoma City, where the defendant and his wife made their home after their marriage.

The defendant conveyed one-half of this tract of land to a son of his wife, who, in consideration therefor, paid and discharged a mortgage on the property, thereby clearing same of indebtedness.

Subsequently the property became valuable for oil development, and the defendant and said stepson both received a bonus in cash and in oil payment for oil and gas leases on their respective properties, and following production received a modest income from royalties. Later the defendant

traded his bonus oil payments for 590 acres of land in McCurtain county.

The defendant and his said wife were married in 1926. In August, 1933, the said Sarah Canning sued the defendant for a divorce and for an equitable division of the above-mentioned property. However, a reconciliation was soon effected and marital relations were resumed, and the divorce suit was dismissed.

In this connection it appears from the record that the discord between them arose over the use of the income of the defendant. Each of said parties objected to the spending of the money on the other's children. The wife charged the defendant with abusive treatment amounting to extreme cruelty, and further charged that the defendant failed and refused to provide for her support in keeping with his income. When the reconciliation took place the two visited the offices of their respective attorneys and talked over their differences in their presence and came to an understanding and agreement composing their differences.

After this the defendant bought a residence property in Shawnee and made certain improvements on the two and one-half acre tract in Oklahoma City, which was the chief source of his income.

On July 19, 1934, after separating from the defendant, the said Sarah Canning filed in the district court of Oklahoma county a second suit for divorce and a division of property, alleging as ground for divorce extreme cruelty in practically the same language used in her petition in the former suit. However, after the filing of said second petition and before summons was served upon the defendant, the said Sarah Canning departed this life. Her said children, the plaintiffs herein, filed a motion for revivor of the divorce action in the name of said heirs, which motion was by the court overruled. Thereafter, the plaintiffs, as heirs at law of said deceased, brought this action upon said alleged oral promise of the defendant to convey to her one-half interest in said property. The case was tried to the court without a jury, and the court rendered judgment for the defendant and against the plaintiffs.

The plaintiffs in error contend that the judgment of the trial court is contrary to the evidence.

One of the plaintiffs testified that he heard a conversation between the defendant and his mother just before they went to the office of the attorneys to have the case dismissed in which the defendant said, "If she would drop that divorce action, they would go on and get along together and he would give her a half interest in all the property and the royalty." This was the only witness testifying on behalf of the plaintiffs who heard any of the conversations between the parties, and is the only testimony or evidence of any probative value offered in support of plaintiffs' claim. The witness also testified that he went with them to the attorneys' offices, but did not see them sign up any papers. Attorney for Mrs. Canning was not called by the plaintiffs to testify concerning any agreements had between the parties at the time of the dismissal of the action.

Attorney for Mr. Canning testified on behalf of the defendant that Mr. and Mrs. Canning came to his office and Mr. Canning wanted to know if they could talk to him about the divorce action; they were trying to work out a settlement so they could dismiss the case, and told him he thought they had it all agreed on. They discussed their differences, Mrs Canning complaining Mr. Canning was stingy, was making enough money to support her as she thought she was entitled to be supported, but would not give her the money to which she felt she was entitled, complained about her daughters' clothes and things she thought he could afford. Mr Canning said that Mrs. Canning apparently was of the opinion he was making more money than he was making.

Mrs. Canning also complained about the fact that he allowed one of his sons to use their automobile all the time, spending money on it for upkeep, and for the use and benefit of the boy. Mr. Canning made the statement that he was quite willing to spend all the income that he had to pay all his and her expenses, and if there was any money left after all bills were paid, he was willing to give her half the remainder of the unused money; if she wanted to spend it on her daughter or some member of her family, it was perfectly all right with him; he could use his half and spend it on his children or do whatever he wanted to with it; and Mrs. Canning stated if he would do that, it would be perfectly all right, and she felt she could get along quite well, but nothing was said about the title to any property or real estate being placed in her name. He advised that since Mrs. Canning was the plaintiff, she was the one who would have to dismiss the pending divorce case, and it would have to be done through Mr. J K. Wright's office, Wright being her attorney in the case,

and he called Mr. Wright, made an appointment and went up there with them. The matter was talked over with him, nothing was said by either of the parties about the title of the property, and Mr. Wright dictated the dismissal.

This testimony outweighs that of the plaintiffs. It outlines the discussions of the parties as to their differences, the nature of which suggests the solution sought, and the agreement thus reached seems to have reconciled all these differences, and the parties were satisfied and resumed marital relations. Had the parties contemplated a division of property, they certainly would have mentioned it to the attorneys and had the conveyances made and executed at the time.

Considering the evidence as a whole, we are of the opinion it fails to establish an agreement to convey an interest in the real estate.

This court has held in a long line of decisions that in a civil action triable to the court, where the finding of the court is general, such finding is a finding of each specific thing necessary to sustain the general finding; and where such finding is not clearly against the weight of the evidence, the judgment will be affirmed.

The judgment of the trial court is affirmed.

BAYLESS, V. C J., and RILEY, WELCH, PHELPS, and GIBSON. JJ., concur OSBORN, C. J., and HURST and DAVISON, JJ., absent.