BARRON v. CHICORASKE.

No. 29881.   May 6, 1941.

*113 P. 2d 376.*

Priest & Belisle, of Oklahoma City, for plaintiff in error.

John F. Amos, of Oklahoma City, for defendant in error.

PER CURIAM. This action was instituted on August 7, 1939, by the defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter referred to as defendant, and others not here involved, to recover an alleged balance due upon a promissory note dated April 8, 1931, and by its terms due on October 8, 1931, and which defendant had endorsed and delivered to the plaintiff in May, 1931, and on which the principals therein had made partial payments at intervals, the last of which was made on November 11, 1936.

The principals in said note permitted judgment to be rendered against them by default. The defendant answered and alleged that any and all payments which had been made on the note by the principals had been without his authority, knowledge, or consent and pleaded the five-year statute of limitations in bar of his liability. Reply was a general and specific denial. Trial was had to the court without the intervention of a jury. There was no material conflict in the evidence except upon the question of whether the payments made by the principals had been made without authority, knowledge, or consent of the defendant, and on this issue the evidence was in sharp conflict. The plaintiff testified to certain circumstances surrounding the same from which it might be inferred that the defendant had directed the plaintiff to the principals to obtain payments and had knowledge of the fact that such partial payments had been made and had acquiesced therein and ratified such transactions. The testimony of the defendant, on the other hand, flatly contradicted that of the plaintiff, and in this the defendant was to some extent corroborated by the testimony of one of the principals who had made the payments. This testimony, however, was weakened by contradictory statements made by the defendant and principal with reference to transactions which were supposed to have taken place at the same time, particularly a mortgage which the defendant claimed had been assigned with the note. At the close of plaintiff's evidence the defendant interposed what he was pleased to denominate a demurrer thereto and upon which the court reserved ruling until conclusion of the trial. After all of the evidence was in, the court apparently ignored this demurrer and disposed of the cause upon its merits, finding the issues generally in favor of plaintiff and rendering judgment accordingly. Motion for new trial was overruled, and defendant has perfected this appeal.

The defendant urges here that his demurrer to the evidence of plaintiff should have been sustained, and that as a matter of law he was entitled to have his defense of statute of limitations sustained.

The action being one of legal cognizance which was tried to the court without the intervention of the jury, the so-called demurrer to the evidence was in legal effect nothing more nor less than a motion for judgment or nonsuit. Universal Life Ins. Co. v. Berry, 177 Okla. 92, 57 P. 2d 879; Luster v. First National Bank, 111 Okla. 168, 239 P. 128. The court, having heard all of the evidence and it appearing therefrom that the determinative issue was in conflict, very properly proceeded to render judgment upon the merits of the action. The contention of the defendant with reference to failure to sustain his so-called demurrer is without merit.

We address our next inquiry to the question of whether the judgment is erroneous as a matter of law. While it is now generally accepted that the statute of limitations is not interrupted as to a surety or endorser by any payment made by a principal without the au-

thority, knowledge, or consent of such party unless the contract expressly so provides (37 C. J. 1168; Thomas v. Puett, 177 Okla. 140, 57 P. 2d 877; Georgia v. O'Herion, 176 Okla. 103, 54 P. 2d 657; Hope v. Gordon, 174 Okla. 368, 50 P. 2d 669; Street v. Moore, 172 Okla. 336, 45 P. 2d 73; Eichman v. Culver, 169 Okla. 495, 37 P. 2d 640; Annotations, 71 A.L.R. 376, 404 and 121 A.L.R. 549), it is also settled doctrine that where a principal has made payments either with authority, knowledge, or consent of the surety or endorser it is an effective interrupton of the statute in such case. Smith v. American Nat. Bank, 181 Okla. 195, 72 P. 2d 808; Skinner v. Bowlan, 181 Okla. 544, 75 P. 2d 181; Schreiner v. City Nat. Bank, 76 Okla. 76, 183 P. 905; Annotations 71 A.L.R. 399, 121 A.L.R. 553.

Therefore, the applicable rule depends not upon what has been said in any of the foregoing cases particularly but upon the facts surrounding the payments made in the case at bar. As pointed out above, the evidence in this connection was in sharp conflict, and that of the plaintiff was sufficient when taken in connection with inferences properly deducible therefrom to sustain the general finding of the trial court, and of course all of the necessary specific findings incident thereto. Leonard v. Tulsa Bldg. & Loan Ass'n, 184 Okla. 558, 88 P. 2d 875; Crenshaw v. Canning, 183 Okla. 198, 80 P. 2d 635; City of Lawton v. Sherman Machine & Iron Works, 182 Okla. 254, 77 P. 2d 567.

The trial having been to the court without the intervention of a jury and the action being one of legal cognizance, the judgment must be accorded the same consideration as the verdict of a properly instructed jury. Atlantic Refining Co. v. Fulsom, 185 Okla. 357, 91 P. 2d 758; Stevens v. Rogers, 180 Okla. 305, 68 P. 2d 821. So considered, the judgment appears to be in all respects proper and sustained by the evidence shown in the record. There being no reversible error shown, the judgment is affirmed.

CORN, V.C.J., and RILEY, BAYLESS, HURST, and DAVISON, JJ., concur.